E. L. HICE, Appellant,

v.

Mike COLE, d/b/a Cole Butane Company,
Appellee.

No. 6052.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 25, 1956.

E. B. Votaw, Vidor, for appellant.

Hustmyre, Bruce & McKee, Orange, for appellee.

ANDERSON, Justice.

Under date of February 23, 1953, appellant, E. L. Hice, and his wife, Mable Hice, sold to appellee, Mike Cole, a butane gas business E. L. Hice had been operating in and from Vidor, Texas. As a part of the transaction, E. L. Hice agreed and covenanted that for a period of five years from the date aforesaid he would not "enter into any phase of the liquified petroleum gas business either directly or indirectly, as owner or as an employee, either at wholesale or retail, either in the sale of fuel or of tanks, in any part of Orange County or in the trade territory heretofore served by him which might lie upon the borders of Orange County."

On April 20, 1955, Mike Cole, representing that he was doing business in the name of Cole Butane Company, filed suit in the district court of Orange County to enjoin E. L. Hice from violating the aforesaid covenant. After pleading the contract, he charged in his petition that in violation of said covenant the defendant "has secured employment and is at present working as a salesman for Butane Gas Appliance Company of Beaumont, Texas, a company generally engaged in the liquified petroleum gas business and its allied products, and defendant, in his capacity as salesman and employee for said Butane Gas Appliance Company, is engaged in the liquified petroleum business and is offering for sale and selling fuel and tanks in Orange County, Texas, and other parts of the trade territory formerly served by defendant." He prayed that the defendant "be temporarily enjoined from engaging in any phase of the liquified petroleum gas business as an employee of said Butane Gas Appliance Company or otherwise, directly or indirectly, either at wholesale or retail, and from selling fuel or tanks in any part of Orange County or in the trade territory lying upon the borders of Orange County and served by said defendant prior to the execution of said contract and agreement heretofore referred to, and that, on final hearing hereof, said injunction be made permanent for so long as said contract and agreement is in force and effect."

On the same day the petition was filed, April 20, 1955, the judge of the district court of Orange County endorsed thereon his fiat, setting May 6, 1955, as the date for hearing the application for temporary injunction, and ordering that proper notice be issued to Hice. Notice was served on Hice April 25, 1955, and he appeared in person at the appointed time and place on May 6, 1955, but filed no answer.

No order of any kind appears to have been made in the case on May 6th or at any time prior to May 17, 1955. On the latter date, a signed docket entry was made by the judge as follows: "Judgment for Plaintiff as per decree on file." Judgment was then entered of record in the cause. The judgment opened with the recitation, "This, the 17th day of May, 1955, came on to be heard the above entitled and numbered cause," and closed with, "Done and entered this, the 17th day of May, 1955." It recited the appearance of the

plaintiff and his attorney; service of process on the defendant and his failure to appear or answer, averring that the defendant "wholly made default"; waiver of a jury and submission of all matters of fact and law to the court; the court's finding "on grounds and sufficient evidence" that for a valuable consideration the defendant had covenanted that for five years from February 23, 1953, he would not "enter into any phase of the liquified petroleum gas business * * * in any part of Orange County or in the trade territory heretofore served by him, the said defendant, which might lie upon the borders of Orange County"; the court's finding that "in violation of said contract and agreement the defendant did secure employment and worked as a salesman for the Butane Gas Appliance Company, of Beaumont, Texas, a company generally engaged in the liquified petroleum gas business and its allied products and defendant, in this capacity as salesman and employee for said Butane Gas Appliance Company, engaged in the liquified petroleum business and that plaintiff has suffered, because of such violation by defendant of said contract and agreement, a reduction in the amount of volume of liquified petroleum gas and tanks sold by him," etc; and then decreed as follows:

"It is, therefore, ordered, adjudged and decreed that the defendant, E. L. Hice, be and he is enjoined from and that he shall desist from, for a period of five years from the 23rd day of February, 1953, entering into any phase of the liquified petroleum gas business, either directly or indirectly, as an owner or as an employee, either at wholesale or retail, either in the sale of fuel or of tanks in any part of Orange County."

The plaintiff caused a certified copy of the judgment to be served on the defendant on May 25, 1955. Then, on November 8, 1955, he filed in said cause his petition or complaint, verified by his attorney of record, seeking to have Hice adjudged in contempt of court for alleged violations of the judgment or writ of injunction. In this petition or complaint the plaintiff alleged the rendition of the judgment on May 17, 1955, set out the decree of the court, alleged the judgment to be in full force and effect, and charged the defendant with having violated the terms of the judgment or writ by working in the offices of the Decker Butane Company at Beaumont, Texas, by driving a Decker Butane Company truck in Beaumont, and by being in charge of a Decker Butane Company truck while it was being filled with butane gas at the Magnolia Refinery in Beaumont. Pursuant to the fiat of the judge of the trial court, endorsed on the aforesaid petition or complaint, a writ of scire facias was issued and served on the defendant, commanding the latter to appear on November 23, 1955, and show cause why he should not be held in contempt of court because of the acts charged to him by the plaintiff, but the plaintiff did not pursue the contempt proceedings further. Instead, he filed in said cause on November 30, 1955, his motion to have entry of the judgment of May 17, 1955, corrected so as to show that the defendant was enjoined from engaging in the liquefied petroleum gas business not only in Orange County but also "in the trade territory heretofore served by him, the said defendant, which might lie upon the borders of Orange County, Texas." In this motion the plaintiff alleged that "in accordance with Rule 305, Texas Rules of Civil Procedure, counsel for plaintiff prepared a draft of the judgment to be entered in this cause after the court had rendered said judgment and the defendant, E. L. Hice, not being represented by counsel, the court signed said draft of the judgment and had the same entered in the minutes of this honorable court," and that "in the preparation of the draft of judgment, counsel for plaintiff inadvertently omitted the following from the order and judgment of the court, to-wit: 'or in the trade territory heretofore served by him, the said defendant, which might lie upon the borders of Orange County,

Texas.'" The motion was heard December 5, 1955, and was granted December 12, 1955. The record of the judgment of May 17, 1955, was ordered amended or corrected in two particulars: (1) So as to show that the court found that defendant had been engaging in the "liquified petroleum gas business" instead of just in the liquified petroleum business." (2) So as to show that the defendant was enjoined from engaging in the liquid petroleum gas business "in any part of Orange County or in the trade territory heretofore served by him, the said defendant, which might lie upon the borders of Orange County." From the judgment as amended or corrected, the defendant perfected the present appeal.

■ The first question for decision is that of whether the trial court had jurisdiction or authority to order its judgment record altered as it did. The answer is dependent on whether the court was merely correcting its records to make them correctly reflect the judgment it in fact rendered on May 17, 1955, or was endeavoring to correct a judicial error and render a different judgment from the one actually rendered originally. If it was endeavoring to do the latter it was without the power, because the judgment had become final by operation of law and the court had no further control over it, but the court was empowered to do the former, because it had continuing jurisdiction over its records. Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040; Love v. State Bank & Trust Co. of San Antonio, Tex.Com.App., 126 Tex. 591, 90 S.W.2d 819; Knox v. Long, 152 Tex. 291, 257 S.W.2d 280; Rule 316, Texas Rules of Civil Procedure. The ultimate and determining factor, therefore, is the matter of what judgment the trial court in fact rendered on May 17, 1955, and this is primarily a question of fact. We have concluded, with some hesitancy, that there was sufficient evidence to support a finding that the trial court in fact pronounced judgment on May 17, 1955, enjoining the defendant from engaging in the liquefied petroleum gas business not only in Orange County but in the trade territory bordering Orange County that had been served by the defendant, because counsel for plaintiff testified that he prepared the draft of judgment after judgment had been rendered and that the court directed him to include in the draft and record of the judgment the provision that was represented as having been inadvertently omitted. We accordingly hold that the trial court was empowered to correct its records as it did.

■ The next question presented is that of whether the judgment as corrected is erroneous because of the inclusion therein of the provision involved in the correction, and we are of the opinion that it is. Not only does Rule 683, T.R.C.P., provide that every order granting an injunction "shall be specific in terms," but our Supreme Court has pronounced the general rule in this state to be that "an injunction decree must be as definite, clear and precise as possible and when practicable it should inform the defendant of the acts he is restrained from doing, without calling on him for inferences or conclusions about which persons might well differ and without leaving anything for further hearing." Villalobos v. Holquin, 146 Tex. 474, 208 S.W.2d 871, 875. We think the judgment or order that is before us fails to meet the requirements of this rule, because what is meant by "trade territory heretofore served by him, the said defendant, which might lie upon the borders of Orange County" is highly indefinite and uncertain in more than one respect. For example, there is first the question of what constitutes "trade territory heretofore served by him" and then there is the question of whether all, and if not, what part, of such trade territory is to be considered as lying on the borders of Orange County. These are questions that must ultimately be resolved in the light of the contract the parties made, and the proper time to construe the contract and to render certain the rights of the parties under it is at the time of

granting the injunction rather than in a contempt proceeding arising under the injunction. Otherwise the defendant might be deprived of his right to have a jury pass upon questions of fact in connection with the proper construction to be given the contract. Therefore, construing appellant's second point as presenting the question here discussed, as distinguished from the question of the trial court's jurisdiction or power to incorporate the erroneous provision in the judgment, the point is sustained. See, Fort Worth Acid Works v. City of Fort Worth, Tex.Civ.App., 248 S.W. 822, affirmed in Tex.Com.App., 259 S.W. 919; Seastrunk Rendering Co. v. Hollingsworth, Tex.Civ.App., 177 S.W.2d 1014.

█ We do not agree with appellant's contention, presented under his fourth point, that by causing a copy of the judgment as originally entered to be served on the defendant and by subsequently instituting contempt proceedings under it, representing in his petition that the judgment was in full force and effect, the plaintiff estopped himself from thereafter taking steps to have the judgment record corrected, but feel that no good purpose would be served by an extended discussion of the matter. Point four is overruled.

█ In his fifth point, appellant charges that there were no pleadings to support inclusion of the controversial portion of the judgment. The pleadings by which this must be determined are, of course, the pleadings that were before the court when the judgment was originally granted on May 17, 1955. The plaintiff's petition that was before the court as that time alleged the portion of the contract on which the judgment was predicated, and if this was not sufficient, the defects should have been raised by exceptions. The point is overruled.

█ In his sixth and last point, appellant avers that there was no evidence to support the portion of the judgment that is in controversy. The evidence that was heard on May 6 or on May 17, 1955, is not before us and we are therefore in no position to pass upon the matter. The point presents no error, therefore, and is overruled.

For the reason assigned above, the judgment of the trial court—i. e., the corrected judgment, in its entirety—is reversed and the cause is remanded for a new trial.