Pinkney Ray McLEAN, Appellant,

v.

EMPLOYERS CASUALTY COMPANY et al., Appellees.

No. 16438.

Court of Civil Appeals of Texas.

Dallas.

July 24, 1964.

Paul W. Leech and John M. Thorne, Grand Prairie, for appellant.

Burford, Ryburn & Ford and Robert E. Burns, Dallas, for appellees.

DIXON, Chief Justice.

Pinkney Ray McLean has appealed from an order granting a temporary injunction to appellees Employers Casualty Company and Employers National Insurance Company, affiliated companies. McLean, a former sales agent for appellees was enjoined from selling insurance in a certain designated territory.

On May 13, 1963 appellant entered into a written contract with appellees, said contract being designated "Personal Lines Agent's Agreement." Nowhere in the contract is the term "Personal Lines" defined. The contract names the seven counties in which the agent might solicit insurance.

The contract contains provisions under the heading "Agreement Not to Compete."

The substance of these provisions is that in the event the agreement should be terminated for any reason appellant should not for a period of two years solicit insurance of a kind "which may or might be written" by appellees.

Appellant sold insurance for appellees until February 29, 1964. On that date he notified appellees that he was terminating his agreement with them. He at once began selling insurance for other companies in the territory named in the contract.

On April 3, 1964 after a hearing the trial court granted the temporary injunction which is the subject of this appeal.

█ In his first point on appeal appellant contends that appellees' petition does not state a cause of action. Without going into detail we shall simply state that though appellees' petition is couched in rather general terms, it does state a cause of action. The first point on appeal is overruled.

In his second point appellant says that the order of the court fails to inform appellant what insurance he is restrained from selling. With this point we agree.

Rule 683, Texas Rules of Civil Procedure expressly provides that every order granting an injunction "shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; * * *."

Appellees admit that it was not their intention to restrain appellant from selling any and all kinds of insurance. His original contract was limited to "Personal Lines" of insurance. In their brief appellees say that while a layman might not fully understand the meaning of "personal lines" of insurance, it is a term of common usage and comprehension in insurance circles with a very definite meaning. The testimony on this point is not as clear as might be desired.

The manager of appellees' "Personal Lines Division" says that "personal lines

would be generally described as those individual lines of insurance that would be purchased by, let's say, an individual home owner or someone like you or I who does not own a business." It would include "fire and casualty insurance on a home and a boat, or car and that sort of thing," and "some small commercial in our sense so far as pickups and things of that nature are concerned."

Before becoming an agent for appellees appellant had sold life insurance. It is conceded that life insurance is a "personal line," but it was not appellees' intention to restrain appellant from resuming his sale of life insurance in the territory, for apparently appellees do not write life insurance. The record is silent as to what other lines of personal insurance appellees do not write and which therefore are not properly covered by the injunction. As appellees admit, the order "did not list or specify the individual types of policies which were involved, * * *."

The court's order is broad in its terms. It restrains appellant from "soliciting, accepting or servicing * * * any insurance business of *any kind or character,* which insurance business *may or might be written* by plaintiffs" in the seven counties. (Emphasis supplied.)

Appellees' purpose may be to restrain appellant only from competing with appellees for two years by writing the same types of personal insurance that appellees now write, but the order does not set out in reasonable detail what are such types of insurance. The order is broad enough to include commercial lines of insurance as well as personal lines. Furthermore, we are not sure what is meant by the phrase *may or might be written.* Does it include only insurance of the types now written by appellees, or does it include also types of insurance which might be written in the future by appellees

under an expanded insurance program? Weatherford Oil Tool Co. v. Campbell, 161 Tex. 310, 340 S.W.2d 950, 951–952.

In our opinion the order does not meet the requirements of Rule 683 as to "specific terms." Coates v. Coates, Tex.Civ. App., 355 S.W.2d 260; Hice v. Cole, Tex. Civ.App., 295 S.W.2d 661. 31 Tex.Jur.2d 276–278; Lowe and Archer, "Texas Practice," p. 373; 43 C.J.S. Injunctions § 206, p. 932. Appellant's second point is sustained.

In his third point appellant argues that the temporary injunction destroys the *status quo.* We cannot agree. The *status quo* is not the situation as it existed at the time the trial court entered its order. It is "the last, actual, peaceable, *noncontested status which preceded the pending controversy."* (Emphasis supplied.) Transport Co. of Texas, et al v. Robertson Transports, Inc., et al, 152 Tex. 551, 261 S.W.2d 549, 553–554.

The above case involved an alleged invalid order of the Railroad Commission. Our Supreme Court said in effect that if it were held that an invalid order creates a *status quo,* a plaintiff could never obtain temporary relief from an operation under an invalid order. Similarly we say that if appellant was operating in violation of his contract, such violation did not create the *status quo* for purposes of temporary injunction. Appellant's third point is overruled.

Since we have held that the order granting the temporary injunction did not meet the requirements of Rule 683, T.R.C.P. in regard to specific terms, the order will be reversed and the cause remanded to the trial court for further proceedings in regard to appellees' application for a temporary injunction.

Reversed and remanded.