**ROBERTSON TRANSPORTS, Inc. et al. v. TRANSPORT CO. OF TEXAS et al.**

No. 10137.

Court of Civil Appeals of Texas. Austin

March 4, 1953.

Rehearing Denied March 25, 1953.

John Ben Shepperd, Atty. Gen., V. F. Taylor, Ass't Atty. Gen., by Dean J. Capp, Ass't Atty. Gen., for appellant, Railroad Commission of Texas.

Albert G. Walker, Austin, Bracewell & Tunks, by Searcy Bracewell, Houston, for Robertson Transports, Inc.

Kelley, Looney, McLean & Littleton by Jackson Littleton, Edinburg, Walter Caven, Austin L. Hatchell, by Austin L. Hatchell, Austin, for appellee.

GRAY, Justice.

This appeal is from an order granting a temporary injunction.

Appellant, Robertson Transports, Inc., is a specialized motor carrier and holds a certificate authorizing it to transport enumerated chemicals in bulk, in tank trucks, between all points in Texas. On June 18, 1952, it filed its application with the Railroad Commission to amend its certificate so as to authorize it to transport chemicals, chemical products and liquid chemicals, in bulk, in tank trucks, between all points in Texas. On August 19, 1952, after hearing, the Railroad Commission entered its order granting the authority in accordance with the application.

On November 19, 1952, appellees, Transport Company of Texas, R. P. York, d/b/a York Transport Company, and York Transport Company, Inc., filed suit seeking a restraining order, a temporary and a permanent injunction restraining the enforcement of the Commission's order, and a judgment declaring such order invalid. Appellee, Railroad Companies, intervened as parties plaintiff. The trial court granted a restraining order, and after a hearing

granted a temporary injunction restraining the enforcement of the Commission's order and operations thereunder.

Appellants here present various points attacking the validity of the trial court's order. However we have concluded that the point to the effect that the order granting the temporary injunction is void because it does not set forth the reasons for its issuance must be sustained, and we will not discuss the other points presented.

After reciting, among other facts "that the said order of August 19, 1952, extends the authority of the prior order to include an authorization to transport all liquid chemicals of any nature whatever both present and future" the order recites as reasons for the issuance of the temporary injunction the following and none other:

"* * * that if the Defendant, Robertson Transports, Inc., proceeds to operate under the said order of August 19, 1952, and such extension of authority, he would interfere with the markets established by the Plaintiffs and would probably divert freight tonnage and revenues from the Plaintiffs, that such interference with customers and markets and diversion of freight tonnage and revenues would result in irreparable and inestimable damage to the Plaintiffs; and that the Plaintiffs in the said hearing have made a proper showing of a probable right and probable injury of the matters in the temporary injunction prayed for; * *."

Rule 683, Texas Rules of Civil Procedure, provides that "Every order granting an injunction * * * shall set forth the reasons for its issuance; * * *."

 This requirement of the rule is mandatory. Gonzalez v. Rodriguez, Tex. Civ.App., 250 S.W.2d 253, and authorities there cited.

It is apparent that the reasons recited in the order are no valid reasons. The first as recited would likely result from a valid as well as an invalid certificate. The statement that the plaintiffs "have made a *proper* showing of a probable right and probable injury of the matters in the temporary injunction prayed for" is a state-

ment of a conclusion but in the absence of some further statement or explanatory reason it does not clearly appear that an injurious wrong, irreparable in its nature, and which may be enjoined, is imminently threatened.

"The purpose of the rule above refered to is to inform a party just what he is enjoined from doing and the reasons why he is so enjoined." O'Daniel v. Libal, Tex.Civ.App., 196 S.W.2d 211, 214.

Because the record before us does not affirmatively show that no harm has resulted to appellants, the failure of the trial court to state the reasons for granting the temporary injunction in his order requires a reversal of this cause. Gonzalez v. Rodriguez and O'Daniel v. Libal, both supra.

The order granting the temporary injunction is reversed, the temporary injunction is dissolved and this cause is remanded to the trial court.

Reversed and remanded.