**L. F. ROTHERMEL et al., Appellants,**

**v.**

**R. H. GOODRICH et al., Appellees.**

No. 6046.

Court of Civil Appeals of Texas.

Beaumont.

June 28, 1956.

Rehearings Denied July 25, 1956.

W. H. Betts, Hempstead, for appellants.

McClain & Harrell, Conroe, for appellees.

R. L. MURRAY, Chief Justice.

This is an appeal from a judgment in the district court of Waller County granting to appellee R. H. Goodrich et al., a temporary writ of injunction enjoining the appellants, L. F. Rothermel et al., from locking a gate across a roadway and from barricading, blocking or cutting off passageway from appellees and their employees, traveling on or over the easement crossing appellant Rothermel's land. Goodrich owned a 65 acre tract of land in Waller County and Rothermel owned a 325½ acre tract of land nearby. Goodrich and those from whom he purchased the land had been using a road across Rothermel's land for many years. Rothermel purchased the land in 1948 and Goodrich and his predecessors in title to the 65 acre tract used the roadway across Rothermel's lands until October 1, 1955, when Rothermel locked a gate across the road. Goodrich and his farm tenant were deprived of the use of the road.

Appellees sued appellants, alleging extensively the acquisition of the easement across the land, the interference therewith, irreparable loss and damages caused thereby and prayed for a temporary restraining order, a temporary injunction and a permanent injunction. The appellants answered with many special exceptions, special denial that Goodrich or his predecessors in title had the right of ingress and egress over and across Rothermel's land or had acquired any prescriptive right to such easement, and specially alleged that whatever use Goodrich's predecessors in title ever made of any road over Rothermel's lands was by permission of Rothermel and his predecessors in title, and whatever use Goodrich and those under whom he claimed ever made of a road across Rothermel's lands were in common use with Rothermel and was not exclusive. They specially denied that refusal of Rothermel to permit Goodrich to go across his lands resulted in irreparable loss and damage to Goodrich.

After a long hearing on the facts on the application for temporary injunction, the court granted a temporary injunction.

The order and judgment of the court, after reciting the appearances and the rulings on exceptions, and the fact that the court heard the case without the aid of a

jury, read as follows: "And the court, after having considered the pleadings, evidence and stipulations of the parties, together with the argument of counsel, is of the opinion and so find that the law and the facts are with the plaintiffs and against the defendants, and, therefore, plaintiffs, R. H. Goodrich and Frank Bohack, are entitled to relief as prayed for in their application." Judgment then ordered that the writ of injunction issue as prayed for on the filing of a bond, enjoining the appellants and each of them, from locking the gate across said roadway and from barricading, blocking or cutting off the passage-way of plaintiffs and their employees from traveling on and over the easement crossing Rothermel's lands; said easement being described by metes and bounds. The appellants in open court excepted and gave notice of appeal, which was noted in the judgment.

The appellants bring their appeal under nine points of error. Point No. 1 says that the judgment is erroneous because it does not set forth the reasons for its issuance as required by Rule 683, Texas Rules of Civil Procedure. Said rule reads as follows:

"Rule 683. Form and Scope of Injunction or Restraining Order

"Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."

■ This rule requiring that every order granting an injunction shall set forth the reasons for its issuance has been held to be mandatory, and that the failure to state in the order or judgment the reasons for granting an injunction is reversible error, unless the record affirmatively shows that no harm resulted therefrom. Gonzalez v. Rodriguez, Tex.Civ.App., 250 S.W.2d 253; Hodges v. State, Tex.Civ.App., 198 S.W.2d 150; Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549; Kinny v. Starnes, Tex. Civ.App., 265 S.W.2d 639.

In the Transport Co. of Texas v. Robertson Transports, Inc., case, supra, the Supreme Court approved the holdings of the Courts of Civil Appeals, 256 S.W.2d 134, in holding that this rule is mandatory, but held that the judgment in that case did state sufficient reasons for granting the injunction. The Supreme Court also refused a writ of error, n. r. e., in the Kinny v. Starnes case, supra.

■ It is evident that the judgment in this case not only did not give sufficient reasons for granting the temporary injunction, but gave no reason at all. From the reasoning given in the cases above cited, we think it is incumbent upon us to require that the provisions of said Rule 683, T.R.C.P. be applied. The issuance of the injunction without stating the reasons for issuing it constituted such an abuse of discretion as to require that the injunction issued be dissolved and the judgment reversed and remanded for a new trial.

■ The appellees argue that because the appellants took no exception to the judgment on the ground that it did not state sufficient reasons for its issuance and did not file request for additional reasons, findings of fact or conclusions of law, the trial court had no occasion to make such findings. They say, also, that the record affirmatively shows that no harm resulted from this failure to state the reasons for issuing the writ of injunction. They say that from the pleadings and long record

of testimony made on the hearing that the writ itself, appellants knew exactly what they were enjoined from doing and could not be harmed by the court's failure to include the reasons for granting the injunction in the order and judgment itself. We do not agree that in such circumstances the rule does not apply. In Crouch v. Crouch, Tex.Civ.App., 164 S.W.2d 35, the court reversed a judgment granting a temporary restraining order, because the order did not comply with Rule 680, T.R.C.P., and held that when a trial court grants a temporary restraining order or injunction which does not conform to the requirements of these rules, 680 and 683, such action necessarily constitutes an abuse of discretion and hence an erroneous exercise of judicial power.

It is true that a trial court's judgment should not be reversed on appeal because of harmless errors which probably did not cause the rendition of an improper judgment under Rules 434 and 503, T.R.C.P. Those rules, however, apply to errors of law which occur in the course of a trial and we do not believe they should have the effect of nullifying plain and mandatory requirements of Rule 683, which deals specifically with the matters necessary to be incorporated in the court's judgment or order granting a writ of injunction.

The appellants' remaining points, we believe are without merit. They assail the pleadings of the appellees, they attack the sufficiency of the evidence to show acquisition of the easement across appellant Rothermel's lands, and they say that granting the injunction destroys the status quo of the matter in controversy and transfers possession of a part of Rothermel's property to Goodrich; they say this accomplished the main purpose of appellees' suit before a trial on the merits. They say that there was no privity of ownership of the Rothermel lands and those claimed by Goodrich and Goodrich could claim no right-of-way or easement by way of necessity. They attack the sufficiency of the evidence to show that Goodrich had any type of exclusive use of the road across the Rothermel land and they say that the evidence did not show a clear right and a certain and irreparable injury to Goodrich. It is doubtful if the evidence went far enough to show irreparable injury to appellees, but it is of no consequence since we sustain appellants' first point.

The evidence and testimony was extensive, comprising 444 pages in the statement of facts. All issues of fact were disputed, but we think the evidence was sufficient to support the trial court's implied fact findings in support of the judgment. Appellants' Points of Error 2 to 9, inclusive, are overruled.

It is regrettable that this judgment must be reversed because of the failure of the judgment itself to comply with Rule 683, Texas Rules of Civil Procedure. This action is required, however, by the rule itself and the construction placed on it by our courts in the cases first above cited. The temporary injunction is dissolved, and the judgment is reversed and remanded to the trial court for a new trial.