Tommie MILLER et ux., Appellants,

v.

The STATE of Texas, Appellee.

No. 15321.

Court of Civil Appeals of Texas.

Dallas.

Aug. 2, 1957.

Rehearing Denied Oct. 11, 1957.

Moses & Truett, McKinney, for appellants.

Dwight Whitwell, County Atty., McKinney, for appellee.

PER CURIAM.

This is an appeal from the granting of a temporary injunction in an action by the State of Texas against Miller et ux. under the provisions of Articles 666–29 and 667–27, Penal Code, ch. 8, titled Texas Liquor Control Act. Art. 666–29, material here, in substance provides that the county or district attorney in the county where the nuisance exists or is kept or maintained, may institute an action of injunction in the name of the State of Texas to abate and temporarily and permanently enjoin such nuisance which shall be guided by the rules of other injunction proceedings; no bond is required of the Board and the final judgment shall constitute a judgment in rem against the defendant and his property; provides for closing the property involved for a period up to one year and until bond payable to the State of Texas is given in a sum not less than $1,000 conditioned against further violations; provides for supersedeas only upon bond, and that bond may be forfeited for acts committed during the pendency of the appeal.

After the petition was filed the district judge without notice to appellants here granted a temporary injunction enjoining appellants from selling, storing, possessing for the purpose of sale, or transporting any intoxicating liquor into or on said premises, and described in the petition, or anywhere else in Collin County, Texas, pending further order of the court.

From the judgment the Millers have duly perfected this appeal, here briefing five points of error.

Points 1 to 4, inclusive, briefed together, in substance assert error in the granting of the injunction; (1) without notice; (2) without a hearing; (3) without stating the reasons for its issuance; and (4) without pleading or evidence that an irreparable wrong, damage or injury is imminently threatened. These points were countered that there was no abuse of discretion in the granting of the temporary injunction without notice of hearing because this is a statutory proceeding under Arts. 666–29 and 667–27 of the Penal Code and the Texas Rules of Civil Procedure do not apply when they conflict with the provisions of the statute, and also because no personal or property rights of appellants are involved, and they have suffered no injury by the granting of the injunction.

■ Rule 683, R.C.P., provides that "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the

parties to the action, their officers, agents, * * *."

Our Supreme Court in Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549, has settled the question of necessity of a recitation in an order granting the writ, of findings, etc., necessary to sustain the order. In the case here before us the order reads: "On this the 22nd day of March, A. D. 1957, the foregoing petition having been presented to and considered by the court, and the court being of the opinion that plaintiff's petition for a temporary injunction should be granted. It is therefore the order of the court that defendant Tommie Miller and wife Mrs. Tommie Miller and each of them be and they are hereby enjoined and restrained from maintaining a common liquor nuisance on the premises described in the plaintiff's petition, and they are further restrained and enjoined from selling, storing, possessing for the purpose of sale, or transporting any intoxicating liquor into or on said premises or anywhere else in Collin County, Texas."

The order also states it shall remain in effect until the trial on the merits and orders that no bond be required of the State; also states that "This order for temporary injunction is issued without a hearing because the statutes and law authorize it."

■ Under Rule 683 and the holding in Transport Co., of Texas, v. Robertson Transports, supra, the judgment is not supported by sufficient findings or recitations in the judgment as are required by Rule 683. Points 1 to 4 inclusive are sustained.

Point 5 asserts error in the granting of the temporary injunction based and founded upon the affidavit of the County Attorney alone and not some other credible person. Point 5 is countered that there was no error in granting the temporary injunction upon the sworn petition of the County Attorney because Art. 666–29, P.C., does not require the affidavit of any person and this Court cannot assume the affidavit mentioned in Art. 666–29 was not filed by the County

Attorney; and there is no requirement that an affidavit be also filed in the trial court as a part of the proceedings since it is a matter of evidence on the trial on the merits and not of pleading.

The petition shows the affidavit of the County Attorney was "that the matters of fact in the foregoing petition are true and correct."

The Texas Liquor Control Act in Art. 667–27 of the Penal Code provides that "Upon having called to his attention by affidavit of any credible person that any person is violating, or is about to violate, any of the provisions of the Texas Liquor Control Act or if any permit or license was wrongfully issued, it shall be the duty of the Attorney General, or the District or County Attorney, to begin proceedings to restrain any such person from the threatened or any further violation, or operation under such permit or license, and the District Judge shall have authority to issue restraining orders without hearing, and upon notice and hearing to grant injunction, to prevent such threatened or further violation by the person complained against, and may require the person complaining to file a bond in such amount and containing such conditions and in such cases as the Judge may deem necessary * * *."

■ This being a statutory proceeding, we are of the opinion that the statute places the duty upon the District Attorney, or others there named, to act only upon the affidavit of some other credible person, on the matters therein set out.

■ There was no affidavit of such other credible person shown, or referred to, in this record. Article 667–27, Penal Code, supra, has not been complied with. Point 5 is sustained.

For the reasons stated, the judgment of the trial court is reversed and the case is remanded for a new trial consistent with this opinion.

**Reversed and remanded.**