Opal NORTHCUTT et vir, Appellants,

v.

Calloway WAREN et al., Appellees.

No. 7152.

Court of Civil Appeals of Texas.

Texarkana.

June 30, 1959.

Rehearing Denied July 28, 1959.

Sanders & Stanford, C. L. Stanford, Canton, for appellants.

Enoch G. Fletcher, Grand Saline, for appellees.

DAVIS, Justice.

Plaintiff-appellees, Calloway Waren and Lois Brown, joined by her husband Leroy Brown, filed suit against appellant-defendants, Opal Northcutt and husband, Charlie Northcutt, for a right of way across a tract of land. In their pleadings, appellees alleged a right of way by proscription, and in their prayer they asked for an injunction, and in the alternative, for $500 damages.

On a hearing on their application for temporary injunction, the temporary injunction was granted. Appellants have perfected their appeal and bring forward three points of error. In their points 1 and 2, they complain of the action of the trial court in issuing the injunction in failing to set forth the reasons for the issuance of the order as required by the mandatory provisions of Rule 683, Texas Rules of Civil Procedure. In the case of Rothermel v. Goodrich, Tex.Civ.App., 292 S.W.2d 882, n. w. h, the court held that the failure of the trial court to specifically set out the reasons for granting the injunction is fatal. Alexander Schroeder Lumber Co. v. Corona, Tex.Civ.App., 288 S.W.2d 829, wr. ref., n. r. e.; Hice v Cole, Tex.Civ.App., 295 S.W.2d 661, n. w. h. The points are sustained.

By point 3 appellant complains of the action of the trial court in granting a temporary injunction where there was no allegation or evidence that appellee had no adequate remedy at law. Suffice it to say that appellee only prayed that if the Northcutts continued to keep the gates closed across the road and by running a fence across the same, they would suffer irreparable damages. Yet, in their petition they show that a sum of $500 would compensate them. Upon a trial of the case it was shown that another road runs to the land of appellees and at most they could only suffer an injury of inconvenience. We feel that the granting of a temporary injunction on the pleadings was unwarranted. Coleman v. Wright, Tex.Civ.App., 136 S. W.2d 270, n. w. h.; Magnolia Petroleum

Co. v. de Garcia, Tex.Civ.App., 126 S.W.2d 1006, n. w. h.

Another thing that leads this Court to believe that the trial court erred is the fact of the insufficiency of the description of the right of way. This is raised by the appellants in their brief, and as we view the decisions of the courts in the cases of Brown v. City of Texarkana, Tex.Civ.App., 269 S.W.2d 804, wr. ref., n. r. e., and Brown v. Woods, Tex.Civ.App., 300 S.W.2d 364, the description is insufficient in pleading and proof. Point 3 is sustained.

The judgment of the trial court is reversed and the cause is remanded.