The CITY OF HOUSTON, Texas, et al.,
Appellants,

v.

Leota Mae ROSE et al., Appellees.

No. 13999.

Court of Civil Appeals of Texas.

Houston.

Oct. 18, 1962.

R. H. Burks, City Atty., and Homer T. Bouldin, Senior Asst. City Atty., Houston, for appellants.

C. C. Divine, Houston, for appellees.

COLEMAN, Justice.

This is a suit in which appellees sought to enjoin the enforcement of an ordinance of the City of Houston regulating and licensing massage parlors. The trial court granted a temporary injunction after a hearing and this appeal followed.

The judgment granting the temporary injunction did not set forth the reasons for its issuance as required by Rule 683, Vernon's Ann.Tex. Rules. A violation of the Rules in this respect has been held reversible error in many cases. Gonzalez v. Rodriguez, Tex.Civ.App., 250 S.W.2d 253; Northcutt v. Waren, 326 S.W.2d 10, Tex. Civ.App., writ ref., n. r. e.; Miller v. State, Tex.Civ.App., 305 S.W.2d 663. The rule requires that an order granting the injunction set forth reasons why the court believes the applicant's probable right will be endangered if the injunction does not issue. Transport Co. of Tex. v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549.

In several cases the courts have said that the failure to set forth the reasons for granting the temporary injunction will not require a reversal where the record affirmatively shows that no harm resulted. Gonzalez v. Rodiguez, supra; Rothermel v. Goodrich, Tex.Civ.App., 292 S.W.2d 882; O'Daniel v. Libal, Tex.Civ.App., 196 S.W.2d 211. Appellees contend that since the trial court's order merely preserves the status quo, no harm could have resulted to the City. Without undertaking to determine whether or not the status quo was being preserved by the order in this case, we overrule appellees' contention. We agree with the reasoning of Rothermel v. Goodrich, supra, that the failure of the trial court to comply with the mandatory requirements of the Rules in entering his order granting a temporary injunction "constitutes an abuse of discretion and hence an erroneous exercise of judicial power."

The court, in the Rothermel case further said:

"It is true that a trial court's judgment should not be reversed on appeal because of harmless errors which probably did not cause the rendition of an improper judgment under Rules 434 and 503, T.R.C.P. Those rules, however, apply to errors of law which occur in the course of a trial and we do not believe they should have the effect of nullifying plain and mandatory requirements of Rule 683, which deals specifically with the matters necessary to be incorporated in the court's judgment or order granting a writ of injunction."

Since the order entered in this case contains no recitation of any reasons why applicant's "probable right" will be endangered if the writ is not issued, the trial court failed to comply with a mandatory requirement of Rule 683, Texas Rules of Civil Procedure.

The temporary injunction is dissolved, and the judgment is reversed and remanded to the trial court for a new trial.