**Jerry BROWNLEE, City Manager, et al.,**
**Appellants,**

v.

**Pat KIRKWOOD, Appellee.**

**No. 16674.**

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 29, 1965.

S. G. Johndroe, Jr., City Atty., Jerome H. Parker, Jr., Asst. City Atty., Fort Worth, for appellants.

Charles F. Baldwin, Fort Worth, for appellee.

LANGDON, Justice.

The appellee filed his original petition for injunction against defendants, Jerry Brown-lee, City Manager; Cato Hightower, Chief of Police; and Bayard Friedman, Mayor, all of the City of Fort Worth, complaining that these officials had "perpetrated", "initiated" and "executed" a chain of events and "circumstances" expressly designed to harass plaintiff's customers and "precipitate the ruination of plaintiff's business." Trial was to the court. After the plaintiff rested, the three named defendants moved the court to enter judgment on their behalf on the ground there was no evidence to support an injunction against them. The court on its own motion then directed the attorney for plaintiff to amend his pleadings so as to "make this a class action as to the police department."

At the conclusion of the trial, the court made the following statement from the bench: "Now there is no evidence in this record that either the Mayor of the City of Fort Worth or the City Manager, or the Police Chief knew, ordered or condoned the actions of some of the individual police officers, so I am going to deny any injunction as to any of these three named city officials. * * *" The court then entered judgment specifically denying the injunction against the City Manager, the Chief of Police and the Mayor of the City of Fort Worth individually and in their official capacities and granted the injunction against the police officers of the City of Fort Worth as a class, enjoining them from performing certain specified acts.

The court refused appellants' request for findings of fact and conclusions of law and aside from the general recital in the judgment that the court had considered the pleadings and heard the evidence the record contains no reasons assigned by the court for issuance of the temporary injunction.

Rule 683, Texas Rules of Civil Procedure, specifically provides in part as follows: "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance * * *."

■ The above quoted provision was taken verbatim from Rule 65(d) of the Federal Rules, and both the State and Federal Courts are unanimous in holding that these provisions are mandatory. Hodges v. State, 198 S.W.2d 150, (Austin Civ.App., 1946, no writ); Gonzalez v. Rodriguez, 250 S.W.2d 253 (San Antonio Civ.App., 1952, no writ); Rothermel v. Goodrich, 292 S.W.2d 882 (Beaumont Civ.App., 1956, no writ); Miller v. State, 305 S.W.2d 663 (Dallas Civ.App., 1957, no writ); Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549 (Tex.Sup., 1953); City of Houston v. Rose, 361 S.W.2d 477 (Houston Civ.App., 1962, no writ), citing with approval Rothermel v. Goodrich, supra; McLean v. Employers Casualty Company, 381 S.W.2d 582 (Dallas Civ.App., 1964, no writ); Duncan v. Willis, 157 Tex. 316, 302 S.W.2d 627 (1957); Millers Mutual Fire Ins. Co. of Texas v. Eggleston, 357 S.W.2d 766 (Fort Worth Civ.App., 1962, no writ).

Section 1, Chapter XI of the Charter of the City of Fort Worth, provides that the Chief of Police shall have immediate direction and control of the Police Department, subject to the supervision of and to such rules, regulations and orders as the City Manager may prescribe, not inconsistent with the ordinances of the City, and shall promulgate all orders, rules and regulations for the government of the police force.

■ If individual officers did, in fact, violate the instructions and regulations issued by the Chief of the Police Department, such action was outside the scope of their employment. Having departed from the scope of their employment, it cannot be said that they are members of a class with the remaining members of the Department. There can be no question of fact or law which is common with those acting outside the scope of their employment and the remaining members as expressly required by Rule 42(a), T. R. C. P. In the discharge of their duty of enforcing the law, the remaining members of the Police Department would be antagonistic to and have interests directly contrary to the interest of any police officer who performed an illegal or unauthorized act. Allred v. Heaton, 336 S.W. 2d 251 (Waco Civ.App., 1960, writ ref., n. r. e.).

Rule 42(a) states the general requirement that the persons suing or sued as representatives shall be such "as will fairly insure the adequate representation of all." McDonald, Texas Civil Practice, Vol. 1, § 3.34, Class Actions, p. 276, and p. 277 of the same text, states: "The parties appearing as representatives must be members of the class, and a sufficient number to assure adequate representation must remain members throughout the litigation. They must have such interests as would support their joinder if all members of the class were named, but cannot have interests as to the subject matter of the suit which are antagonistic to the interests of the absent parties whom they purport to represent. There is no adequate representation when each member of the purported class is 'free alternatively either to assert rights or to challenge them.' * * *"

■ The record affirmatively shows that appellee failed to file with the clerk of the court a bond in the sum fixed by the judge, as required by Rule 684, T.R.C.P.

In Ex parte Coward, 110 Tex. 587, 222 S.W. 531 (1920), the Supreme Court reversed an order granting a temporary injunction which was issued without bond having been filed. The Court said: "Under the statute the giving of a bond is made a condition precedent to the issuance of an injunction. * * * The Judge was therefore without power to grant the injunction without requiring a bond from the plaintiff, and the injunction was accordingly void." To the same effect see Johnson v. McMahan, 40 S.W.2d 920 (Amarillo Civ.App., 1931, writ ref.).

In Lancaster v. Lancaster, 155 Tex. 528, 291 S.W.2d 303, 308 (1956), which was decided under Rule 684, the Supreme Court

reaffirmed the rule that an injunction issued without a bond having first been filed was void.

The judgment of the trial court is reversed and judgment here rendered that said injunction be dissolved.