COOK UNITED, INC. et al., Appellants,

v.

STATE of Texas, Appellee.

No. 17115.

Court of Civil Appeals of Texas, Fort Worth.

March 27, 1970.

Rehearing Denied May 1, 1970.

Donald L. Prager, Fort Worth, Berman, Fichtner & Mitchell, and Harold B. Berman, Dallas, for appellants.

Frank Coffey, Criminal Dist. Atty., and Don E. Burdette, Asst. Criminal Dist. Atty., Fort Worth, for appellee.

OPINION

MASSEY, Chief Justice.

The State of Texas brought this suit for injunction against several defendants, most

materially Cook United, Inc. and Sundaco, Inc., to stop what the State considered to be violation of the "Sunday (or Saturday) Closing Law," Vernon's Annotated Penal Code, Art. 286a, "Sale of goods on both the two consecutive days of Saturday and Sunday." The trial court overruled plea(s) in abatement and granted a temporary injunction, from which this appeal was perfected.

Reversed and remanded.

We have concluded that the proper action for the trial court should have been, except as to Cook United, Inc., to abate and suspend the prosecution of the State's suit for injunction pending prosecution or dismissal of suits already pending. However, and in any event, we hold that as applied to all defendants, the injunctive order is reversible because its recitations, etc., failed to comply with the provisions of Texas Rules of Civil Procedure 683, "Form and Scope of Injunction or Restraining Order." Under the circumstances of this particular case such error could not be "harmless."

 Cook United, Inc. presented no plea in abatement to the trial court at the hearing pursuant to which the trial court overruled the plea(s) in abatement of the other defendants and granted the temporary injunction. A plea in abatement is one which must be filed and urged. It is subject to being waived. Cook United, Inc. may not claim advantage of the plea(s) in abatement of others who are defendant along with it in a case where its liability, if any, would not necessarily be joint (as distinguished from several) with that of the defendants filing the plea.

Although we are assured that the question of the constitutionality of Vernon's Annotated Penal Code, Art. 286a, "Sale of goods on both the two consecutive days of Saturday and Sunday," will be taken to the Supreme Court of the United States by *certiorari* from the judgment in the case of State v. Spartan's Industries, Inc., 447 S.W. 2d 407 (Tex.Sup., 1969), we consider ourselves presently bound by the holding of our State Supreme Court. In such case it held that the present "Sunday (or Saturday) Closing Law" (Art. 286a) is constitutional.

For purposes of the theory of the defendants, as applied to the case on appeal, we may assume that Art. 286a is constitutional—and the intentional violation thereof is a criminal act subject to imposition of its penal provisions or to being restrained by writ of injunction therein provided.

The defendants say they are not in violation of the article's provisions and have no intention of violating such law. Contradictorily, they claim that Cook United, Inc. gave up any plan it otherwise might have wished to place in effect—whereby it would operate its stores in Tarrant County on both Saturdays and Sundays—by utterly abandoning any operations on Sundays. Further, in advancing the contention that there is no intention of or violation of the letter or spirit of Art. 286a defendants contend that Sundaco, Inc. was organized as a business which could be profitably operated on a one-day per week basis by locating and contracting with merchants who desired to close the doors of their stores on either Saturdays or Sundays (usually Sundays) but would not be averse to a lease or rental arrangement whereby Sundaco would pay for the right to operate their store on whatever day of the week the owner-merchant should select as that on which it would not do business. Such a day has always been a Sunday.

In short, Cook United, Inc. contends it is not in violation of Art. 286a because it does not engage in any business whatever on any Sunday of any calendar week. At the same time Sundaco contends that it does not violate Art. 286a because it does not engage in business at any time except upon Sundays—a single day in any calendar week. Both, and all other defendants joined in the case, aver an absence of any criminal intent.

In our outline of the foregoing we have digressed, for while the question displayed

therein is most interesting and is the question which would control all disputes of the parties, including that before us on the instant appeal, we have concluded that it was not in this case determined in the trial court under circumstances which would permit a test of its propriety to be made in an appellate court. Specifically, the question is not determinable on the instant appeal.

■ What we do determine and hold (on the instant appeal) is that the trial court below—in the instant suit—has *no present right* to grant either temporary or permanent writ of injunction against any defendant in the case who might avail himself of a plea in abatement upon grounds—supported by proof—of *prior action pending.*

Here the respondent defendants (other than Cook United, Inc.) appeared at the hearing upon the State's motion for temporary injunction and presented their plea(s) in abatement supported by proof introduced in support thereof in the form of certificates showing that prior to the State's institution of the present action it had filed prior suit or suits in other courts of Texas (which presently pended, having been neither dismissed or otherwise disposed of) against identical (or privy) parties (and/or parties necessary or indispensable to be joined), on identical issues (or on issues of partial identity). In view thereof (and since it did not appear that there were parties to the instant action who hoped to take advantage of the decision in the earlier filed and pending case(s), yet would not be bound by an adverse finding therein) the trial court did not, in the face of the plea(s) in abatement and the undisputed proof in support thereof, have jurisdiction to proceed while the earlier filed case(s) continued to pend. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063 (1926). See also 2 McDonald Texas Civil Practice, beginning at p. 619, "Pleading: Answer", Secs. 7.08, "—D. Pleas in Abatement. (I) General"; 7.09, "——(II) Pendency of Another Action"; 7.10, "———(a) Identical Issues"; 7.11, "———(b) Partial Identity of Issues";

7.12, "——(III) Capacity to Sue or Be Sued"; and 7.13, "——(IV) Nonjoinder of Parties".

Having determined that there was propriety in the plea(s) in abatement (except as to Cook United, Inc., which could not claim benefit thereof under the circumstances existent at time of the hearing in the trial court) we proceed to the question of the validity and effectiveness of the trial court's Order Granting Temporary Injunction. The complaint specified in the point of error relating thereto, reads as follows: "The trial court erred in failing to comply with the mandatory requirements of Rule 683, Texas Rules of Civil Procedure, with reference to its judgment for a temporary injunction."

Rule 683, T.R.C.P., "Form and Scope of Injunction or Restraining Order," provides: "Every order granting an injunction and every restraining order *shall set forth the reasons for its issuance;* shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." (Emphasis supplied.)

The material portions of the order of the trial court reads, as follows:

## "ORDER GRANTING TEMPORARY INJUNCTION

"The 18th day of December, 1969, came on to be heard the First Amended Application of the State of Texas, Plaintiff, for a temporary injunction * * * enjoining and restraining (respondents named) * * * from jointly, singly, severally and in concert operating general merchandise businesses and mercantile establishments in Tarrant County, Texas, located at 6387 Camp Bowie Boulevard, Fort Worth, Tex-

as, 4211 East Rosedale Street, Fort Worth, Texas, 2530 North Commerce Street, Fort Worth, Texas, and 5304 East Belknap Street, Haltom City, Texas, in violation of and contrary to the provisions of Article 286a of the Penal Code of the State of Texas; * * * and all of the Defendants with the exception of Cook United, Inc., having appeared by and through counsel and announced ready for trial subject to their joint Plea in Bar and/or Abatement, and such Plea having been considered by the Court and overruled and denied; the Court proceeded to hear and consider the pleadings, evidence and argument of counsel and having done so is of the opinion and finds that the Plaintiff is entitled to a temporary injunction as requested.

"It is therefore ordered, adjudged and decreed that (respondents named) * * * be and they hereby are temporarily restrained and enjoined pending final hearing herein from singly, collectively, jointly, alternately or in concert from operating the herein described and located merchandise and merchantile business locations contrary to the provisions of Article 286a, Texas Penal Code and specifically from selling or offering for sale or obliging or permitting their employees to sell or offer for sale on the consecutive days of Saturday and Sunday (articles listed which are named in the statute) * * * at the merchantile businesses located in Tarrant County, Texas, at 6387 Camp Bowie Boulevard, Fort Worth, Texas; 4211 East Rosedale Street, Fort Worth, Texas; 2530 North Commerce, Fort Worth, Texas; and 5304 East Belknap, Haltom City, Texas, and from doing so at such locations alternately on consecutive Saturdays and Sundays."

Material allegations of the pleadings in the State's suit for injunction read, as follows:

"VIII

"Plaintiff would show that the defendants jointly, singly and collectively operate the businesses herein after referred to at:

"6387 Camp Bowie Boulevard, Fort Worth, Texas

"4211 East Rosedale Street, Fort Worth, Texas

"2530 North Commerce Street, Fort Worth, Texas

"5304 East Belknap Street, Haltom City, Texas

under the assumed names Cooks Discount Department Store and Cooks Discount Center.

"IX

"Plaintiff alleges and would show the Court that each of the corporate Defendants named herein, * * * singly, jointly, collectively and in concert acting by and through their agents, servants, and employees * * * operate general merchandise businesses and merchantile establishments at the respective addresses and locations set out. As part of the merchandise offered for sale and sold by each of said Defendants and their managers at the business locations described are various items of merchandise listed in Sec. 1 of Article 286a of the Penal Code of the State of Texas including but not limited to the following: (articles listed as specified in the statute) * * *. Each of the Corporate Defendants * * * is engaged in the business of selling the items of merchandise specifically set out above. * * *

"X

"Plaintiff further alleges and would show that on the immediately preceding Saturdays of November 22 and 29, 1969 and the successive Sundays of November 23 and 30, 1969, and on Saturday the 6th day of December, 1969, in Fort Worth, Tarrant County, Texas, each of the named corporate defendants acting by and through its named managers and other agents, servants, affiliates, and employees did offer for sale the items of merchandise specifically set out in paragraph IX above, obliged

their employees to sell and did sell clothing on such date, and thereafter on the immediately succeeding day of Sunday, the 7th day of December, 1969, each of the named corporate defendants except at 4211 East Rosedale Street, acting by and through its managers and other agents, affiliates, servants and employees did offer for sale without restriction as to intended use or purpose the items of merchandise specifically set out in paragraph IX above and on the said 7th day of December 1969, did sell clothing. Further, that the sales of clothing made by each of said corporate defendants through its agents, servants, affiliates and employees were not made for charitable purposes, were not of items to be used for funeral or burial purposes' nor were they made in connection with the sale of real property.

"XI

"Plaintiff alleges that the offering for sale and selling by the corporate defendants through their respective managers, agents, servants, affiliates and employees of the items of merchandise specifically referred to in the foregoing paragraphs on Saturday, November 22nd, 1969, and the successive Sunday, November 23rd, 1969, and on Saturday, November 29th, 1969, and Sunday, November 30th, 1969, and on the successive days of Saturday, December 6, 1969, and Sunday, December 7, 1969, amounted to the operation by each of said corporate defendants and its named managers, agents, servants, affiliates and employees of the specific business and location described in a manner contrary to the provisions of Article 286a, Texas Penal Code and such operation was and is a public nuisance per se as declared by Sec. 4 of the said Article 286a. Plaintiff further alleges and would show that the alleged conduct of the named defendants amounts to a defiance of the laws of the State of Texas and their conduct jointly, collectively, singly and in concert creates and will maintain a condition detrimental to the health, recreation and welfare of the people of the

State of Texas living in Tarrant County, Texas, as Legislatively and Judicially declared. Further that the said defendants, their managers, agents, servants, affiliates and employees will continue to operate the businesses described herein in violation of Article 286a and will continue to create and maintain a public nuisance as declared by said Article 286a, Section 4, and such threat is real and imminent and unless restrained without notice and by injunctive relief as prayed for therein, Defendants' action and threatened action will result in immediate and irreparable damage to the State of Texas and to the public generally in the continued violation of Article 286a. No exceptions set out in Article 286a are applicable. Plaintiff requests the Defendants, their managers, agents, servants, affiliates, and employees be restrained without notice collectively, severally and jointly from selling or offering for sale on the consecutive days of Saturday and Sunday or obliging or permitting their employees to sell or offer for sale on the consecutive days of Saturday and Sunday at the specific locations identified herein those items of personal property and merchandise listed in Section 1 of Article 286a, Vernon's Penal Code of the State of Texas, * * * specifically including clothing, wearing apparel, footwear, headwear, kitchenware, kitchen utensils, toys, bed coverings and household linens, and on hearing be temporarily enjoined therefrom."

There is nothing in the Order Granting Temporary Injunction which complies with the provision of T.R.C.P. 683, that such an order should "set forth the reasons for its issuance."

■ The presumption of law is that Cook United, Inc., has done nothing illegal and does not intend to do anything illegal; i. e., it has not engaged in business activities proscribed by Vernon's Annotated Penal Code, Art. 286a. Being a criminal statute, penal in character, the commensurate burden to be borne by the State is apparent. Had not Cook United, Inc. decided to rely upon appeal on the defect or defi-

ciency of the trial court's order granting the temporary injunction, and proceeded upon the necessary assumption that the court had found it guilty of a criminal act, and/or that absent the injunctive order it would proceed in the future to violate the penal law, its points of error would undoubtedly have embraced the contention that there was no evidence adduced upon hearing competent to raise the issue of criminality in its past action or of intent in the future to commit the criminal act alleged.

Under the view of the case indicated by the foregoing paragraph we do not believe that the failure to meet the requirements of T.R.C.P. 683, by setting forth the reasons for the issuance of the order of temporary injunction could be said to be "harmless error" merely. Reversibility is presumed unless the record affirmatively shows that no harm resulted. There would be, additionally, the question of costs. Though an accused says that he is not in violation of the Texas Penal Code, and does not threaten the violation of said code in the respect to which he is accused it could not be "harmless" to him to ·enter an injunction and at the same time to require that he pay the costs of the proceeding.

There are instances of "harmless error" (albeit not such as are within the contemplation of T.R.C.P. 434 or 503) where an order granting injunction would not be reversed though it contained no explanation by the trial court of reasons for granting the injunction, or gave an erroneous and legally improper reason for granting the same. Such instances would be those where by recourse had to the pleadings and a statement of facts revealed that a sound basis *in law* for the issuance of injunction was necessarily established. Another would be where the *status quo* could only be preserved by upholding a temporary injunction. In such a case the fact could be reflected by the statement of facts that but for the existence of injunction the respondent would be permitted to continue acts in violation of expressed law. Where that is demonstrable the error in omission to strictly comply with T.R.C.P. 683, in that there was defect in stating reasons for the injunction, would be "harmless error," or error not requiring reversal.

On the matter of non-reversibility where a sound basis in law was reflected by the statement of facts for issuance of an injunction despite the fact that it was not given as a reason therefor, but, instead, an unsound reason was given, see City of Irving v. Dallas County Flood Control Dist., 383 S.W.2d 571, 575 (Tex.Sup., 1964).

Here Cook United, Inc. (not represented at the hearing in the trial court) should be entitled to know from the order itself the reasons for its issuance. Cook's position, of course, was that it was neither in violation nor threatening the violation of any criminal law, and in particular of Vernon's Annotated Penal Code, Art. 286a. The order did not declare that it was found to be in violation, or threatening its violation. If such were the case Cook United, Inc. was entitled to have such stated so that if proper to do so it might properly attack it on appeal. We hold that in this case controlling effect is to be accorded the general rule which provides that an injunctive order failing to comply with the pertinent requirement that the reasons for its issuance be stated therein will be reversed upon complaint thereof made on appeal. Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549, 553 (1953); Gonzalez v. Rodriguez, 250 S.W.2d 253 (San Antonio Tex.Civ.App., 1952, no writ hist.). On "harmlessness" of such an error see also O'Daniel v. Libal, 196 S.W.2d 211 ·(Waco Civ.App., 1946, no writ hist.). See also other cases annotated under T.R.C.P. 683.

Judgment of the trial court granting temporary injunction is reversed. The plea(s) in abatement of all defendants, except Cook United, Inc., are sustained. The case against them is remanded to the trial court. For the other reasons set out in .this opin-

ion the judgment against Cook United, Inc. is reversed and the case against it likewise remanded.

In view of the judgment, aforesaid, the Appellants' Motion to Assess Costs has become moot and for that reason is dismissed.

## ON MOTION FOR REHEARING

MASSEY, Chief Justice.

We deem it warranted to write further on the matter of abatement because of *prior action pending.*

It should be remembered that the statute involved (Article 286a of the Penal Code of the State of Texas) is remedial in that it furnishes an additional remedy to that of criminal prosecution after the commission of an act. It enables the State, acting itself or by and through the offices of the district and county attorneys of the State, to obtain writs of injunction to prohibit commission of the specified offenses which might be threatened and shown to be reasonably probable in the absence of an order of a district court—in advance.

In that respect it is obvious that a district or county attorney, charged with the enforcement of the criminal law and/or to prosecute because of violation of criminal law within a county of the state should not be hampered in respect to injunctive relief in a particular county by reason of the fact that there might be a *prior action pending* in some other county. In this respect there would be a distinction to be made between the situation posed and a situation which would obtain in civil litigation.

Neither should such an official be hampered because there might be, in a different district court but in the same county, issues made between the parties which bear upon civil liability and rights and obligations.

Being convinced of the reasonableness and propriety of what we have stated that the law should be, as stated in the preceding paragraphs, we hold such to be the law.

However, since at the time the instant case was tried below, and at the time the case on appeal was submitted to this court, there was in another district court of Tarrant County a *prior action pending* to obtain injunctive relief to prevent what the State considered would be a violation by the same parties of the same criminal statute as involved in the case and court from which the appeal was perfected, we adhere to our holding (in our original opinion) that the Plea(s) in Abatement should have been sustained.

Motion for rehearing is overruled.