The STATE of Texas, Petitioner,

v.

COOK UNITED, INC. et al., Respondents.

No. B–2242.

Supreme Court of Texas.

Jan. 13, 1971.

Frank Coffey, Dist. Atty., Don E. Burdette, Asst. Dist. Atty., Fort Worth, for petitioner.

Berman, Fichtner & Mitchell, Harold B. Berman and Jay S. Fichtner, Dallas, Prager & Brown, Donald E. Prager, Fort Worth, for respondents.

REAVLEY, Justice.

On petition of the State of Texas through the Honorable Frank Coffey,

Criminal District Attorney of Tarrant County, and after a two day hearing, the trial court entered a temporary injunction against Cook United, Inc. and Sundaco, Inc., together with twelve individual defendants, enjoining their violation of Article 286a, Vernon's Ann. Texas Penal Code. This statute prohibits the sale of certain goods on both the two consecutive days of Saturday and Sunday.

The defendants appealed from the temporary injunction on two grounds, contending that the trial court erred in overruling pleas in abatement and in failing to state its reason for the order as required by Tex.R.Civ.P. 683. The court of civil appeals sustained both points and reversed the judgment of the trial court. 455 S.W.2d 332.

■ The predicate for the plea in abatement was the pendency of a prior suit. It appears that the district attorney had filed cause No. 54616-C in another district court of Tarrant County against most of the same defendants on November 15, 1968, alleging violations of Article 286a on certain dates in September, October and November of 1968. The present suit was filed on December 12, 1969 alleging violations of Article 286a in November and December of 1969. The order overruling the plea in abatement was an interlocutory order from which no appeal is provided. It may be attacked in the appeal from the temporary injunction only in so far as the questions raised affect the validity of the injunction order. Texas State Board of Examiners in Optometry v. Carp, 162 Tex. 1, 343 S.W.2d 242 (1961).

■ A temporary injunction must be supported by a showing of probable right to permanent relief and probable injury to that right without the injunction during the pendency of the suit. Oil Field Haulers Association v. Railroad Commission, 381 S. W.2d 183 (Tex.1964). Under Rule 683 the reason for the granting of a temporary injunction must be stated in the order. It is not required that the trial court explain

its reasons for believing that the applicant has shown a probable right to final relief, but it is necessary to give the reasons why injury will be suffered if the interlocutory relief is not ordered. Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549 (1953).

The parties and the court of civil appeals have misinterpreted the opinion of this court in City of Irving v. Dallas County Flood Control Dist., 383 S.W.2d 571 (Tex.1964), as holding that if a sound reason exists for the granting of a temporary injunction a court granting such an injunction is excused from complying with the requirement of Rule 683 that the reasons for its issuance shall be set forth in the order. The court was there speaking only of those "reasons for finding that the applicant will probably prevail in a trial on the merits." 383 S.W.2d 575. Nothing was said to change the holding in Transport Co. of Texas v. Robertson Transports, supra, that the order must state the reasons for interim restraint to prevent injury.

The order granting the temporary injunction at hand recites the hearing of the application by the State for a temporary injunction pending final hearing enjoining the named defendants "from jointly, singly, severally and in concert operating general merchandise businesses and mercantile establishments in Tarrant County" at certain locations "in violation of and contrary to the provisions of Article 286a of the Penal Code." After reciting that he has heard and considered the pleadings, evidence and argument, the judge states that he "is of the opinion and finds that the Plaintiff is entitled to a temporary injunction as requested." He then orders that the defendants "be and they hereby are temporarily restrained and enjoined pending final hearing herein from singly, collectively, jointly, alternately or in concert from operating the herein described and located merchandise and mercantile business locations contrary to the provisions of Article 286a, Texas Penal Code and specifically from selling or offering for sale or obliging or

permitting their employees to sell or offer for sale on the consecutive days of Saturday and Sunday" certain enumerated goods at the specific locations "and from doing so at such locations alternately on consecutive Saturdays and Sundays."

█ Section 4 of Art. 286a declares the violation of that Act to be a public nuisance, and it authorizes an injunction restraining the violation. By reason of this statutory provision, a violation of Art. 286a during the pendency of the suit for permanent injunction becomes an injury to the public which may be enjoined. It is a sufficient reason for the interlocutory order that a party is violating this statute and will otherwise violate it in the interim pending final disposition of the case.

Looking to the terms of the court's order here, the only complaint recited is the violation of Article 286a and the only relief sought or granted is the prohibition of that violation. The court finds that the State is entitled to this relief. We construe this statement, in the context of the remainder of the order, to be a finding that the defendants are operating in violation of Article 286a.

Without Section 4 of the statute, it would be necessary for the court to state in the order why it decided that the applicant would suffer harm, or be endangered by probable injury, if not granted the preliminary injunction. However, this statute itself declares the injury. The order need not restate the words of the statute making these Saturday and Sunday sales a public nuisance. The finding of the violation is itself a finding of injury and reason for the order to cease.

The judgment of the court of civil appeals dissolving the temporary injunction and remanding the cause is reversed, and the temporary injunction entered by the trial court is reinstated.

CALVERT, Chief Justice (concurring).

I concur in the judgment rendered.

The requirement in Rule 683 that the reasons for issuing an injunction be stated in the order could hardly be couched in stronger language. It is mandatory. The order in the instant case states no reasons for its issuance. I concur in the judgment here rendered only because I am willing to recognize an exception to the Rule's requirement in cases involving injunctive orders granted on behalf of the State to restrain the operation of statutorily declared public nuisances. That, in my judgment, is the effect of the majority's opinion.

McGEE, Justice (dissenting).

I respectfully dissent.

The majority opinion states: "The finding of the violation is itself a finding of injury and reason for the order to cease." The trial court's decree made no finding of any violation and stated no reason for granting the temporary injunction.

Rule 683, Texas Rules of Civil Procedure, provides:

"Every order granting an injunction and every restraining order *shall set forth the reasons for its issuance;* shall be specific in terms; shall describe in reasonable detail and *not by reference to the complaint or other document,* the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servant employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." (Emphasis mine).

Rule 683 is clear and precise in requiring "the reasons for its issuance." The injunction order of the trial court in this case fails to state any reason for the issuance of the temporary injunction. The material portions of the order of the trial court read as follows:

"ORDER GRANTING TEMPORARY INJUNCTION

"The 18th day of December, 1969, came on to be heard the First Amended

Application of the State of Texas, Plaintiff, for a temporary injunction * * * enjoining and restraining [defendants named] from jointly, singly, severally and in concert operating general merchandise businesses and mercantile establishments in Tarrant County, Texas, located at [locations given] in violation of and contrary to the provisions of Article 286a of the Penal Code of the State of Texas; * * * and all of the Defendants with the exception of Cook United, Inc., having appeared by and through counsel and announced ready for trial subject to their joint Plea in Bar and/or Abatement, and such Plea having been considered by the Court and overruled and denied; the Court proceeded to hear and consider the pleadings, evidence and argument of counsel, and having done so is of the opinion and finds that the Plaintiff is entitled to a temporary injunction as requested.

"It is therefore ordered, adjudged and decreed that [defendants named] be and they hereby are temporarily restrained and enjoined pending final hearing herein from singly, collectively, jointly, alternately or in concert from operating the herein described and located merchandise and mercantile business locations contrary to the provisions of Article 286a, Texas Penal Code. * * * "

The requirement of a reason by Rule 683 is mandatory. Robertson Transports, Inc. v. Transport Company of Texas, 256 S.W. 2d 134 [Tex.Civ.App.1953, reversed on other grounds 152 Tex. 551, 261 S.W.2d 549 (1953)]; Brownlee v. Kirkwood, 396 S. W.2d 504 (Tex.Civ.App.1965, no writ); City of Houston v. Shober, 362 S.W.2d 886 (Tex.Civ.App.1962, writ ref'd, n. r. e.); City of Houston v. Rose, 361 S.W.2d 477 (Tex.Civ.App.1962, no writ); Northcutt v. Waren, 326 S.W.2d 10 (Tex.Civ.App.1959, writ ref'd, n. r. e.); Miller v. State, 305 S.W.2d 663 (Tex.Civ.App.1957, no writ); Gonzalez v. Rodriquez, 250 S.W.2d 253 (Tex.Civ.App.1952, no writ); Hodges v.

State, 198 S.W.2d 150 (Tex.Civ.App.1964, no writ), and many others.

If this Court desires to grant an exception to Rule 683, Tex.Rules Civ.P., to the effect that the reason for issuance of the temporary injunction need not be stated, it should be accomplished by a rule change, not by reading something into an order that does not appear in the order itself.

I would affirm the judgment of the Court of Civil Appeals and remand the cause to the trial court.

WALKER, J., joins in this dissent.