

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-20-00567-CV

Brad G. **GROUNDS**, HAP Land LLC, Shale Marketplace LLC, and GW3 Royalties LLC,
Appellants

v.

**FIRST GROUNDROCK ROYALTIES, LLC**; STEP-GroundRock Investment, LP; and
South Texas Energy Partners, LLC,
Appellees

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-CI-05965
Honorable Antonia Arteaga, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:         Patricia O. Alvarez, Justice
               Irene Rios, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: May 26, 2021

TEMPORARY INJUNCTION DISSOLVED; REMANDED

In this interlocutory appeal of a business opportunity usurpation case, Appellants allege the temporary injunction order is void for failure to follow Rule 683's requirements, and the trial court abused its discretion by denying the motion to dissolve the temporary injunction.

We hold the order does not comply with Rule 683's requirements. We declare the temporary injunction order void, dissolve the injunction, and remand the cause.

## BACKGROUND

This proceeding arises out of a contract dispute between Appellants Brad Grounds; HAP Land LLC; Shale Marketplace LLC; and GW3 Royalties LLC; and Appellees First GroundRock Royalties, LLC; STEP-GroundRock Investment LP; and South Texas Energy Partners, LLC.

In May 2016, Grounds and STEP-GroundRock Investment entered an agreement to form First GroundRock Royalties, a new company focused on acquisitions of mineral interests. The agreement gave First GroundRock ten days to decide whether to transact on an investment opportunity before Grounds could transact on that opportunity.

After Appellants allegedly availed themselves of business opportunities without giving First GroundRock the required ten-days' notice, Appellees sued for multiple causes of action including breach of contract, breach of fiduciary duties, fraud, and tortious conduct. Appellees applied for a temporary restraining order and a temporary injunction.

The trial court granted the temporary restraining order and ordered mediation. During mediation, the parties agreed to a temporary injunction. The trial court subsequently granted Appellees' application for a temporary injunction on the grounds that the parties had "agreed to the Application and Temporary Injunction."

After Appellants changed counsel, Appellants moved to dissolve the temporary injunction for failure to comply with Rule 683's requirements, but the trial court denied the motion.

Appellants filed this interlocutory appeal. They allege the trial court failed to comply with Rule 683 because the temporary injunction order does not specifically "set forth the reasons for its issuance." They argue that the order is void because it fails to state how irreparable injury would result if the trial court did not grant the temporary injunction.

**STANDARD OF REVIEW**

"Whether to grant or deny a temporary injunction is within the trial court's sound discretion." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (citing *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993)); *Abbott v. Anti-Defamation League Austin, Sw., & Texoma Regions*, 610 S.W.3d 911, 916 (Tex. 2020) (per curiam). But "the court has no 'discretion' to incorrectly analyze or apply the law." *Abbott*, 610 S.W.3d at 916–17 (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)). "[A] failure by the trial court to analyze or apply the law correctly . . . constitutes an abuse of discretion." *In re Kuntz*, 124 S.W.3d 179, 181 (Tex. 2003).

**TEMPORARY INJUNCTION**

"A temporary injunction is an extraordinary remedy and does not issue as a matter of right." *Abbott*, 610 S.W.3d at 916 (quoting *Walling*, 863 S.W.2d at 57); *see* TEX. R. CIV. P. 683.

**A.      Mandatory Requirements**

"[The] requirements of Rule 683 are mandatory and must be strictly followed." *Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam) (citing *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (per curiam)). "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained." TEX. R. CIV. P. 683; *accord RCI Entm't (San Antonio), Inc. v. City of San Antonio*, 373 S.W.3d 589, 603 (Tex. App.—San Antonio 2012, no pet.).

**B.      Order Must State Irreparable Injury**

"Under Rule 683 the reason for the granting of a temporary injunction must be stated in the order. . . .   [The order must] give the reasons why injury will be suffered if the interlocutory relief is not ordered." *State v. Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex. 1971) (citing *Transp.*

*Co. of Tex. v. Robertson Transps.*, 261 S.W.2d 549 (Tex. 1953)); *accord El Tacaso, Inc. v. Jireh Star, Inc.*, 356 S.W.3d 740, 744, 747 (Tex. App.—Dallas 2011, no pet.) (citing *Cook United*, 464 S.W.2d at 106) (dissolving a temporary injunction because the order's "conclusory statement [regarding irreparable injury] does not satisfy the [R]ule 683 requirement that a temporary injunction order specify the reasons why the applicant will suffer irreparable harm for which there is no adequate remedy at law"); *Kotz v. Imperial Capital Bank*, 319 S.W.3d 54, 56–57 (Tex. App.—San Antonio 2010, no pet.) (determining the temporary injunction order was void because it "simply fails to state, as required by Rule 683, the reasons why irreparable injury would be suffered if injunctive relief was not granted").

To reiterate, "Rule 683 requires that the temporary injunction order specifically set forth the reasons the trial court believes irreparable injury will result absent the granting of an injunction preserving the status quo pending a trial on the merits." *Hoist Liftruck Mfg. v. Carruth-Doggett, Inc.*, 485 S.W.3d 120, 123 (Tex. App.—Houston [14th Dist.] 2016, pet. withdrawn) (citing *El Tacaso*, 356 S.W.3d at 748); *see In re Chaumette*, 456 S.W.3d 299, 305 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("[I]t is necessary to give the reasons why injury will be suffered if the interlocutory relief is not ordered." (quoting *Cook United*, 464 S.W.2d at 106)); *Intex Livingspace, Ltd. v. Roset U.S. Corp.*, No. 14-10-00855-CV, 2011 WL 1466416, at *3 (Tex. App.—Houston [14th Dist.] Apr. 19, 2011, pet. withdrawn) (mem. op.) (declaring a temporary injunction order void irrespective of whether "a sound reason for granting relief appears elsewhere in the record").

## C.     Pleadings Do Not Satisfy Requirement

"Pleadings and testimony do not satisfy the requirement that the temporary injunction order must state the reasons for its issuance." *Moreno v. Baker Tools, Inc.*, 808 S.W.2d 208, 211 (Tex. App.—Houston [1st Dist.] 1991, no writ) (citing *Courtlandt Place Historical Found. v. Doerner*, 768 S.W.2d 924, 925 (Tex. App.—Houston [1st Dist.] 1989, no writ)).

**D.    Void Order is Legal Nullity**

An order that does not state the reasons for its issuance—including the irreparable injury that will occur if the injunction does not issue—is void, *see Qwest Commc'ns Corp.*, 24 S.W.3d at 337 (citing *InterFirst Bank San Felipe*, 715 S.W.2d at 641), and "a party who agrees to a void order has agreed to nothing," *In re Garza*, 126 S.W.3d 268, 271 (Tex. App.—San Antonio 2003, orig. proceeding [mand. denied]).

DISCUSSION

From this point, we refer to Appellants as Grounds and Appellees as First GroundRock.

**A.    Grounds's Arguments**

Grounds argues that the temporary injunction order is void because it does not state what irreparable injury will occur if the injunction does not issue—as required by Rule 683.  Grounds acknowledges that he agreed to the temporary injunction during mediation, but he insists the order's reference to the Application does not satisfy Rule 683, and his prior agreement to a void order does not cure its defect.

**B.    First GroundRock's Arguments**

First GroundRock argues that Rule 683 does not require the reasons for issuance of the temporary injunction to be in the order itself, only the acts to be restrained.  It contends that because Grounds agreed to both the temporary injunction and the Application, Grounds necessarily agreed to the substance of the Application—which the trial court found warranted relief.

**C.  Temporary Injunction Order**

We begin our analysis with the order's language.

The order specifically states the acts sought to be restrained, but the only stated reason for its issuance is that "[a]s a basis for its ruling, the Court found and finds that injunctive relief was

warranted because . . . Plaintiffs and Grounds Defendants have all agreed to the Application and Temporary Injunction."

Contrary to established law, the order does not specifically state "the reasons why injury will be suffered if the interlocutory relief is not ordered." *But see Cook United*, 464 S.W.2d at 106; *El Tacaso*, 356 S.W.3d at 744. "Rule 683 *requires* that the temporary injunction *order* specifically set forth the reasons the trial court believes irreparable injury will result absent the granting of an injunction preserving the status quo pending a trial on the merits," but the trial court's order does not. *But see Hoist Liftruck Mfg.*, 485 S.W.3d at 123 (emphasis added) (citing *El Tacaso*, 356 S.W.3d at 744); *In re Chaumette*, 456 S.W.3d at 305 (declaring a temporary injunction order void because it did "not satisfy Rule 683's requirement that a temporary injunction order specify reasons why plaintiff will suffer irreparable harm for which there is no adequate remedy at law").

Irrespective of any alleged irreparable injury included in the Application, the order does not specifically state the irreparable injury that will occur, nor does it incorporate by reference the Application for the purpose of stating the irreparable injury. *But see Hoist Liftruck Mfg.*, 485 S.W.3d at 123; *Intex Livingspace*, 2011 WL 1466416, at *3.

We hold that the order's reference to the Application does not satisfy Rule 683's requirement that the order specifically state "the reasons why injury will be suffered if the interlocutory relief is not ordered." *See Cook United*, 464 S.W.2d at 106; *Hoist Liftruck Mfg.*, 485 S.W.3d at 123; *El Tacaso*, 356 S.W.3d at 744. Therefore, the order is void, and the trial court abused its discretion by failing to apply the law correctly. *See Qwest Commc'ns Corp.*, 24 S.W.3d at 337 (citing *InterFirst Bank San Felipe*, 715 S.W.2d at 641).

**D.** **Agreement to Application**

First GroundRock argues that Grounds agreed to the substance of the Application, which Grounds hotly disputes, and the Application's substance satisfies Rule 683. We have already explained why the order's references to the Application did not satisfy Rule 683's requirements and why the order was void. Even assuming arguendo that Grounds agreed to the substance of the Application, his agreement was immaterial because "a party who agrees to a void order has agreed to nothing." *See In re Garza*, 126 S.W.3d at 271.

## CONCLUSION

Contrary to established law, the temporary injunction order failed to state the irreparable injury that would result if the injunction did not issue. We declare the temporary injunction order void, dissolve the temporary injunction, and remand the cause.

Patricia O. Alvarez, Justice