James W. GOODWIN et al., Petitioners,

v.

Betty M. GOODWIN, Respondent.

No. B–2040.

Supreme Court of Texas.

July 8, 1970.

——◆——

Bill Davis, Lubbock, for petitioners.

Nelson, McCleskey & Harriger, Rex Aycock, Lubbock, for respondent.

PER CURIAM.

This appeal by James W. Goodwin and others is from an order of the district court directing the issuance of a writ of temporary injunction. The court of civil appeals affirmed the judgment. 451 S.W. 2d 532.

Plaintiff, Betty M. Goodwin, instituted this suit for injunction against the defendants, James W. Goodwin and others, to enjoin them from removing certain property pendente lite. The injunction was issued by the trial court, but in its order granting the writ the court did not fix the amount of security to be given by the applicant, as is required by Rule 684, Tex.R.Civ.P., and prior to the issuance of the injunction the applicant did not execute and file with the clerk a bond to the defendants, which is also required by Rule 684.

An appeal from the judgment of the district court was seasonably perfected by the defendants, but in the interim period between the filing of briefs and oral argument before the court of civil appeals, the plaintiff submitted a motion to the trial court to "Set Bond" on the injunction that it had previously issued in her favor. Following notice and a hearing with both adversaries present, the district court amended its original order by fixing the amount of security to be given by the applicant, who immediately complied with the amended order, and filed a bond in the amount therein fixed.

Subsequently, in their argument before the court of civil appeals, the defendants contended that the applicant's failure to file a bond prior to the original issuance of the temporary injunction rendered it void. The court of civil appeals, relying upon Carleton v. Dierks, 195 S.W.2d 834 (Tex. Civ.App.–Austin 1946, no writ), held that the failure of the trial court to fix the amount of security and to require the applicant to file a bond to the defendant in that sum, did not make the original order granting the injunction void, but voidable only. This decision of the court of civil appeals is in conflict with the opinion in Lancaster v. Lancaster, 155 Tex. 528, 291 S.W.2d 303 (1956), a previous opinion of this Court, wherein we held that under Rule 684 a bond is specifically required as a condition precedent to the issuance of a temporary injunction, and the failure of the applicant to file such a bond renders the injunction void ab initio. In accordance therewith, we reverse the judgment of the court of civil appeals under Rule 483, Tex.R.Civ.P., without granting James Goodwin's writ of error and hearing the

**886**

case, and we reverse the judgment of the trial court and remand the cause to the trial court. However, we are not to be understood as holding the injunction, as issued under the amended order, is invalidated or void.

Defendants also argue that the perfection of their appeal to the court of civil appeals vested jurisdiction over the subject matter solely in that court, thereby divesting the trial court of any power to subsequently amend its original order. In answering this argument the court of civil appeals seems to have approved the holding in Carleton v. Dierks, supra, that a court of civil appeals is authorized by Rule 434, Tex.R.Civ.P. to require trial courts to amend injunction judgments so as to include provisions therein for the applicant's bond, and to proceed thereafter as though there has been no omission of such provisions. This observation by the court of civil appeals was unnecessary to its decision, and we reserve the question.