**Elmer A. NOWLIN, et al., Appellants,**

v.

**Harold A. WHEELER, et al., appellees.**

**No. A2622.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 3, 1981.

**810**

Lloyd M. Lunsford, South Houston, Paul G. Johnson, Huntsville, for appellants.

Charles E. Payne, Russell, Payne & Farber of Oklahoma City, Okl., Norman Darwin, Fort Worth, Don Karotkin, Chris C. Pappas, Wyckoff, Russel, Dunn & Frazier, Houston, William E. Hall, Jr., Conroe, Clifford Gorman, Bray & Watson, Houston and Lyn Van Dusen, Edward J. Cooney, Brown, Sims & Ayre, Houston, for appellees.

Before BROWN, C. J., and PRESSLER and JUNELL, JJ.

PRESSLER, Justice.

This is an appeal from an order reinstating this cause on the docket of the court below. We dismiss this appeal for want of jurisdiction.

On or about August 2, 1973, James L. Cornell filed a personal injury action for damages resulting from a traffic accident which occurred on June 23, 1973. On November 11, 1973 Harold A. Wheeler filed his original petition for damages sustained in the same collision. On April 24, 1975 James F. McDevitt d/b/a Mac's Trucking and Equipment Rental and National Surety Corporation filed an original petition for damages arising out of the same accident. Appellant, Elmer A. Nowlin, filed answers in each suit. On August 7, 1975 the three suits were consolidated under cause number 6940.

On March 21, 1980 Notice of Intention to Dismiss for Want of Prosecution was signed by the trial judge. On April 20 the consolidated cause was dismissed for want of prosecution.

On August 1, 1980 Cornell filed a Motion to Reinstate the Cause on the Docket, in which he stated that it was not until July 23, 1980 that he learned that the case had been dismissed. McDevitt filed his Motion to Reinstate on September 2. On September 5 the court signed an order reinstating the cause on the docket. On September 15 Wheeler filed a Motion to Reinstate which was granted on the same date.

Appellant complains that the trial court was without power to reinstate this cause on the docket because, before the cause was reinstated, more than thirty days had elapsed from the time plaintiffs received actual notice of the dismissal for want of prosecution. While Appellant has correctly stated Tex.R.Civ.P. 165a, it does not control the disposition of this appeal.

An order reinstating a case after its dismissal is interlocutory. This court is without jurisdiction to act on interlocutory orders save in the four instances provided by statute: 1) pleas of privilege, 2) appointments of receivers or trustees, or orders overruling motions to vacate such appointments, 3) orders certifying or refusing to certify a class in suits brought pursuant to Tex.R.Civ.P. 42, and 4) temporary injunctions. Tex.Rev.Civ.Stat.Ann. art. 2008 (Vernon 1964), art. 2250 (Vernon Supp. 1980–81), art. 2251 (Vernon 1971). We again hold that this court has no power to hear appeals from void interlocutory orders even for the limited purpose of declaring their invalidity. *See Johnson Radiological Group v. Medina*, 566 S.W.2d 117 (Tex.Civ. App.-Houston [14th Dist.] 1978, writ dism'd).

No injustice is created by these rules since Appellant is not without recourse in this matter. The possibility of a mandamus action in the Supreme Court is open to him. We therefore dismiss this appeal.