TOBY MARTIN OILFIELD TRUCKING, INC., Appellants,

v.

Melba Janet MARTIN, et al., Appellees.

No. 01–82–0019–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 25, 1982.

William Dickson, Houston, for appellants.

Ross Sears, Larry Doherty, Eugene B. Wilshire, Jr., Houston, for appellees.

Before DOYLE, DUGGAN and DYESS, JJ.

## OPINION

DYESS, Justice.

This is an appeal from an order of the trial court modifying an earlier temporary injunction order. The modification order increased the bond on the earlier order from $2,000 to $100,000.

Appellants, Toby Martin Oilfield Trucking, Inc. and Jack Puckett, were granted a temporary injunction on October 8, 1981, and bond was set at $2000 by the court. The appellee, Bronc Enterprises, thereafter requested leave to intervene in the suit between the appellants and appellee, Janet Melba Martin. Bronc Enterprises also filed with its plea of intervention an application for a temporary injunction, as well as a motion to allow transfer of assets and alternatively, a motion to modify the temporary injunction issued on October 8.

A hearing was held on the above motions, at the close of which the trial court ordered the temporary injunction of October 8 modified, increasing the amount of the bond required from $2000 to $100,000. This appeal is from the modification order.

The appellants insist that the modification of the temporary injunction is invalid because the trial judge failed to set forth the reasons for its issuance. In response the appellees claim by their first reply point, that the appellants' brief is not entitled to consideration by this court because it is not in the proper form as required by Tex.R.Civ.P. 418 and 422. By their second reply point, the appellees maintain that this court has no jurisdiction to hear this appeal because it is an appeal from an interlocutory order increasing the bond on a temporary injunction rather than an appeal from an order granting or dismissing a temporary injunction. Finally, by their third reply point, the appellees would have us hold that the trial court did not abuse its discretion in increasing the temporary injunction bond in order to protect all party litigants from damages and effects resulting from the temporary injunction.

We agree with the appellees' contention that the appellants did not comply precisely with the requirements of Tex.R.Civ.P. 418 providing that the points of error be listed in short form, separate from the arguments in support, so that the reviewing court and the appellees will be aware of the points upon which the appellants rely.

Although the appellants' brief does not strictly comply with Tex.R.Civ.P. 418, it does direct our attention to an action of the trial judge which appellants claim constitutes reversible error. Thus, we will consider their contentions. *Brown v. U.S. Life Credit Corp.*, 602 S.W.2d 94 (Tex.Civ.App.— Fort Worth 1980, no writ); 5 Tex.Jur.3d § 469 (1980).

The appellees assert next that this appeal should be dismissed for want of jurisdiction. Specifically, they claim that this attempted appeal from a modification of a temporary injunction is different from a granting of or dismissal of a temporary injunction and therefore, is nonappealable. The appellees cite cases declaring that the statutory exceptions to the general rule that interlocutory orders are not appealable must be strictly construed. Recognizing that interlocutory orders ordinarily are not appealable, we note that the Legislature has designated four types of interlocutory orders as appealable. A grant or dismissal of a temporary injunction is one of these orders thus designated by the Legislature, as stated in Tex.Rev.Civ.Stat.Ann. art. 4662 (Vernon Supp.1982):

> Any party to a civil suit wherein a temporary injunction may be granted or refused when motion to dissolve has been granted or overruled, under any provision of this title, in term time or in vacation, may appeal from such order or judgment to the Court of Appeals.

While the statute does not expressly provide for an appeal from an order modifying

a temporary injunction, neither does it expressly exclude such an appeal. Therein lies the crux of the problem. Scant authority guides us, but we look to *Goodwin v. Goodwin,* 456 S.W.2d 885 (Tex.1970), and *Parr v. First State Bank of San Diego,* 507 S.W.2d 579 (Tex.Civ.App.—San Antonio 1974, no writ) for persuasive help.

In *Goodwin,* the trial court issued an injunction but failed to fix the amount of security to be given by the petitioner, a fatal mistake under Tex.R.Civ.P. 684. Also, before the issuance of the injunction, the petitioner failed to execute and file with the clerk a bond to the defendants, also a fatal mistake under Tex.R.Civ.P. 684. *Id.* at 885. The defendant appealed from the order granting the temporary injunction, but between the filing of the briefs and oral argument, the petitioner submitted a motion to the trial court to "Set bond" on the previously issued injunction. Thus, after a hearing in the trial court, the original order was amended and the bond was filed immediately. In the subsequent arguments before the Court of Civil Appeals, attention was focused on the petitioner's failure to post bond before the initial temporary injunction was granted, with the appellants asserting that this oversight rendered void the original issuance of the temporary injunction. The Court of Civil Appeals disagreed, ruling that the petitioner's neglect merely made the original order voidable, not void. In reversing this ruling, the Supreme Court remanded the cause to the trial court, noting that the Court of Civil Appeals holding was in conflict with a previous opinion of the Supreme Court wherein that Court held that neglect, such as the petitioner's, would render the injunction void *ab initio.* The Supreme Court said further:

> However we are not to be understood as holding the injunction, as issued under the amended order, is invalidated or void. *Id.* at 886.

We interpret the quoted language as being more favorable to the allowance of appeals, as in the case at bar, than to the disallowance of such appeals. In our opinion it is more logical that the Supreme Court would have denied jurisdiction of the amended order, if the law in this area is as clear cut as the appellees contend, than comment as it did.

In *Parr,* a secured creditor sought a temporary restraining order and the appointment of a receiver for the property involved. The trial court granted a temporary injunction, and then amended it so as to make it applicable to all of the parties. From these two temporary injunctions the parties appealed. In reviewing the matter the Court of Civil Appeals observed:

> . . . neither the original order *nor the amended order* enjoined appellants from doing anything, or requires appellees to post a bond. Therefore, neither order has force or effect as an injunction. Tex.R. Civ.P. 683, 684 (Emphasis added.)

Quite obviously the San Antonio Court of Civil Appeals assumed that it had jurisdiction to decide whether the amended order was valid, and indeed, it exercised such jurisdiction.

Tex.R.Civ.P. 683 governs the form and scope of an injunction or restraining order. Its requirements are as follows:

> Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; . . . .

The source of the rule is Federal Rule of Civil Procedure 65(d). As stated by one court, "the obvious purpose of the rule is to adequately inform a party of what he is enjoined from doing and the reason why he is so enjoined." *Schulz v. Schulz,* 478 S.W.2d 239, 245 (Tex.Civ.App.—Dallas 1972, no writ). The mere existence of a sound reason for the granting of a temporary injunction will not excuse a court from complying with the specificity requirement. Id.

The underlying reasons for the accelerated system for hearing appeals from temporary injunctions, and for the necessity

of explaining why an injunction is being granted or refused, or why the motion to dissolve is being granted or refused, apply equally as well to an order modifying a temporary injunction. This is all the more apparent in a situation such as the one confronting us in the instant case, i.e., one where the modifying order increased the amount of the bond to fifty times its original size.

The appellees cite *Nowlin v. Wheeler,* 617 S.W.2d 809, 810 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ), for the proposition that even though a trial court order may be void, the Courts of Appeals have no jurisdiction to hear appeals from interlocutory orders other than those specifically enumerated by statute. *Nowlin* concerned an order reinstating a cause on the trial court's docket, and this clearly is not one of the four interlocutory rulings made appealable by statute. As the 14th Court of Appeals noted, mandamus is the vehicle whereby a party, feeling that he has been unjustly harmed by an interlocutory order, seeks correction of an erroneous ruling by a trial judge.

We consider it illogical, however, that the Legislature would require an order modifying a temporary injunction to be reviewed by mandamus, yet provide for review of other orders concerning temporary injunctions—specifically orders granting or refusing temporary injunctions or orders granting or refusing motions to dismiss temporary injunctions—through an accelerated appeals process. In our view, there is too much similarity among the types of orders just recited for the Legislature to have intended to treat them differently. We overrule the appellees' second reply point.

■ Coming to the appellees' final reply point we find them asserting that even if the appeal be allowed, the amending order should not be overruled because the trial judge did not abuse his discretion in modifying the injunction. However, the failure of a trial judge to set forth reasons for granting the temporary injunction, or dismissing it, is reversible error. *Smith v.*

*Hamby,* 609 S.W.2d 866 (Tex.Civ.App.—Fort Worth 1980, no writ).

■ Looking to the order modifying the temporary injunction we discern that the trial judge gave no reason for modifying the injunction originally issued. Looking back further to the original temporary injunction we again find no explanation for its issuance. In brief, two temporary injunctions have been ordered in this case; one setting bond at $2000, the second, taking into consideration the rights of the intervenor, setting bond at $100,000, but there is no explanation of the judges' reasons for granting the injunctions. (The temporary injunction order of October 8 and the modification order were issued by two different judges.)

The cases are clear on the specificity required of a temporary injunction order.

... The reasons given for granting or denying a temporary injunction must be specific and sufficient, and must not be mere conclusory statements. Failure of a temporary injunction order to meet the strict requirements of Rule 683 on its face renders the order fatally defective and void, *whether specifically raised by point of error or not.* (citations omitted.)

\* \* \* \* \* \*

[T]he mere recital of *"no adequate remedy at law" and "irreparable harm" in the order lacks the specificity required* by Rule 683. (Emphasis added.)

*University Interscholastic League v. Torres,* 616 S.W.2d 355, 358 (Tex.Civ.App.—San Antonio 1981, no writ).

Such a failure to explain the basis for a temporary injunction constitutes an abuse of discretion. *Smith v. Hamby,* supra. We overrule the appellee's third and final reply point.

For the reasons stated, we grant the appellants' point of error and dissolve the second injunction whereby the bond required of the appellants was increased from $2000 to $100,000. Because, under the authorities cited and discussed herein, the original injunction was likewise void *ab initio, Forestier v. San Antonio Savings Asso-*

*ciation,* 564 S.W.2d 160, 164 (Tex.Civ.App.— El Paso 1978, writ ref'd n.r.e.), we dissolve the original injunction.

Consequently, this cause is reversed and the temporary injunctions are dissolved.