CV5-325.dd.chambers 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00325-CV







Russell Chambers, Appellant



v.



Ronald Rosenberg, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 443,045, HONORABLE B. F. (BILL) COKER, JUDGE PRESIDING







PER CURIAM



 Russell Chambers appeals from the trial court's denial of his motion for contempt
by Ronald Rosenberg. Chambers contends that Rosenberg's actions violated an agreed temporary
injunction and an agreed final judgment and permanent injunction. The trial court held that the
temporary injunction was void ab initio because no bond was executed. The court found that the
final judgment was vague, ambiguous, overly broad, and unenforceable, but did not find it void;
the court simply denied the motion for contempt. We will affirm the order of the trial court.

 We cannot review the denial of the motion for contempt of the agreed final
judgment and permanent injunction. The denial of a motion for contempt is not appealable
because it is not a final order. Norman v. Norman, 692 S.W.2d 655, 655 (Tex. 1985); Velez v.
DeLara, 905 S.W.2d 43, 46 (Tex. App.--San Antonio 1995, no writ). We therefore overrule
points three and four by which Chambers complains of the court's assessment of the final
judgment.

 We can review the declaration that the agreed temporary injunction was void ab
initio because of the lack of a bond. The supreme court has construed strictly the requirement of
Texas Rule of Civil Procedure 684 that, before a trial court issues a temporary restraining order
or temporary injunction, the applicant shall execute and file with the clerk a bond to the adverse
party. Goodwin v. Goodwin, 456 S.W.2d 885, 885 (Tex. 1970) (holding that the failure of the
applicant to file a bond before the issuance of the temporary injunction renders the injunction void
ab initio); Lancaster v. Lancaster, 291 S.W.2d 303, 308 (Tex. 1956) (holding that bond
provisions of Rule 684 are mandatory and that an injunction issued without a bond is void); see
also Ex parte Jordan, 787 S.W.2d 367, 368 (Tex. 1990) (holding temporary restraining order
void for lack of requirement of separate bond); Ex parte Lesher, 651 S.W.2d 734, 735-36 (Tex.
1983) (holding temporary restraining order void because court waived bond); but see Ludewig v.
Houston Pipeline Co., 737 S.W.2d 15, 16 (Tex. App.--Corpus Christi. 1987, no writ) (holding
that errors other than jurisdiction render the judgment voidable within the standard appellate
timetable). The court has held that temporary orders filed without the bond are void, not merely
voidable. Goodwin, 456 S.W.2d at 885; Lesher, 651 S.W.2d at 735-36. Though none of the
cited cases explicitly concerns an agreed order, we find the strong theme of literal construction
of the rule convinces us that we should construe the rule literally in this case; we are particularly
persuaded to do so because the parties here did not explicitly waive the protection of a bond. The
temporary injunction was void for lack of a bond. We overrule point two.

 Chambers contends by point one that the trial court exceeded its jurisdiction in
improperly setting aside the consent agreements. Our affirmance of the conclusion that the
temporary injunction was void, however, defeats this claim. The supreme court has held that a
judgment which discloses its invalidity on its face is a nullity and may be disregarded anywhere
at any time. Fulton v. Finch, 346 S.W.2d 823, 827 (Tex. 1961). Though courts generally apply
this rule only for jurisdictional defects, the supreme court's insistence that temporary injunctions
issued without bonds are void convinces us that the trial court correctly disregarded the temporary
injunction here. The trial court did not set aside the final judgment and permanent injunction. 
We overrule point one. 

 We do not reach point five, which concerned the scope of the temporary injunction. 
We need not consider the scope of a void order.

 We affirm the order of the trial court.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: February 7, 1996

Publish



 (BILL) COKER, JUDGE PRESIDING







PER CURIAM



 Russell Chambers appeals from the trial court's denial of his motion for contempt
by Ronald Rosenberg. Chambers contends that Rosenberg's actions violated an agreed temporary
injunction and an agreed final judgment and permanent injunction. The trial court held that the
temporary injunction was void ab initio because no bond was executed. The court found that the
final judgment was vague, ambiguous, overly broad, and unenforceable, but did not find it void;
the court simply denied the motion for contempt. We will affirm the order of the trial court.

 We cannot review the denial of the motion for contempt of the agreed final
judgment and permanent injunction. The denial of a motion for contempt is not appealable
because it is not a final order. Norman v. Norman, 692 S.W.2d 655, 655 (Tex. 1985); Velez v.
DeLara, 905 S.W.2d 43, 46 (Tex. App.--San Antonio 1995, no writ). We therefore overrule
points three and four by which Chambers complains of the court's assessment of the final
judgment.

 We can review the declaration that the agreed temporary injunction was void ab
initio because of the lack of a bond. The supreme court has construed strictly the requirement of
Texas Rule of Civil Procedure 684 that, before a trial court issues a temporary restraining order
or temporary injunction, the applicant shall execute and file with the clerk a bond to the adverse
party. Goodwin v. Goodwin, 456 S.W.2d 885, 885 (Tex. 1970) (holding that the failure of the
applicant to file a bond before the issuance of the temporary injunction renders the injunction void
ab initio); Lancaster v. Lancaster, 291 S.W.2d 303, 308 (Tex. 1956) (holding that bond
provisions of Rule 684 are mandatory and that an injunction issued without a bond is void); see
also Ex parte Jordan, 787 S.W.2d 367, 368 (Tex. 1990) (holding temporary restraining order
void for lack of requirement of separate bond); Ex parte Lesher, 651 S.W.2d 734, 735-36 (Tex.
1983) (holding temporary restraining order void because court waived bond); but see Ludewig v.
Houston Pipeline Co., 737 S.W.2d 15, 16 (Tex. App.--Corpus Christi. 1987, no writ) (holding
that errors other than jurisdiction render the judgment voidable within the standard appellate
timetable). The court has held that temporary orders filed without the bond are void, not merely
voidable. Goodwin, 456 S.W.2d at 885; Lesher, 651 S.W.2d at 735-36. Though none of the
cited cases explicitly concerns an agreed order, we find the strong theme of literal construction
of the rule convinces us that we should construe the rule literally in this case; we are particularly
persuaded to do so because the parties here did not explicitly waive the protection of a bond. The
temporary injunction was void for lack of a bond. We overrule point two.

 Chambers contends by point one that the trial court exceeded its jurisdiction in
improperly setting aside the consent agreements. Ou