# NO. 12-09-00143-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| | § | |
| *IN RE: MILLARD VAUGHN,* | | |
| *RELATOR* | § | *ORIGINAL PROCEEDING* |
| | | |
| | § | |

## MEMORANDUM OPINION

In this original habeas proceeding, Relator Millard Vaughn seeks to set aside the judgment of contempt signed May 12, 2009 by the Honorable Gary H. Gatlin, Judge of the 1st Judicial District Court, Sabine County, Texas. The judgment ordered Vaughn confined to the Sabine County jail for a period of sixty days, to be probated after ten days if he complied with the temporary orders and temporary injunction originally signed on December 5, 2008, but amended effective May 7, 2009. The judgment further ordered that Vaughn pay a $500 fine and $3,000 in attorney's fees to Paul Drennon and Mary Drennon, the real parties in interest. We grant habeas corpus relief.

### Background

The underlying case involves an ongoing dispute between Vaughn and the Drennons, who are Vaughn's neighbors. On November 17, 2008, the Drennons filed an application for a temporary restraining order, temporary injunction, and permanent injunction to prohibit Vaughn from cutting down a tree that is within three feet of the Drennons' fence and in the public road right of way. The Drennons also sought to prohibit Vaughn from playing "loud and aggravating music" on his property. On the same date, the Honorable Joe Bob Golden, then Judge of the 1st Judicial District Court, signed a temporary restraining order (the "TRO") prohibiting Vaughn from the following:

1. Cutting or having anyone else to cut the large oak tree situated on the public road right of way immediately in front of the Drennons' home in Sabine County,

Texas, and from damaging such tree in any way or taking action to cause the tree to die.

2. Playing or causing to be played loud music in the area of the Drennons' home in Sabine County, Texas to the extent that such music can be heard by the Drennons in their yard.

The TRO included an order setting a hearing for November 26, 2008 to determine whether, while the case is pending, the TRO should be made a temporary injunction and then a permanent injunction, and to consider "[o]ther injunctions and orders protecting the rights of the parties, which may be decided by the Court at such hearing." On November 26, 2008, Vaughn filed a motion to dissolve the TRO and deny a temporary injunction alleging, in part, that the TRO did not set forth the reasons for its issuance, that the TRO did not fix the amount of security to be given by the Drennons, and that the TRO issued without the Drennons giving security. On that same date, Judge Golden conducted an evidentiary hearing.

On December 5, 2008, Judge Golden signed an order entitled "Temporary Orders and Temporary Injunction" (the "temporary injunction"), which provided, in part, as follows:

It is therefore ORDERED, ADJUDGED and DECREED that Millard Vaughn is immediately enjoined from:

1. Cutting or having anyone else to cut the large oak tree situated on the public road right of way immediately in front of the Drennons' home in Sabine County, Texas, and from damaging such tree in any way or taking action to cause the tree to die.

2. Playing or causing to be played music or any other sound on [a] radio or other device at any volume that can be heard at the Drennons' residence.

3. Operating a security camera or cameras in any way so as to photograph or film any part of the Drennons' property.

4. By having a light or lights that creates [sic] more light than one 60 watt bulb located 50 feet from the Drennons' residence would create.

. . . .

It is further ORDERED that Paul Drennon and Mary Drennon file with the Court a Bond in the amount of $1,000.00.

On April 22, 2009, the Drennons filed a motion to hold Vaughn in contempt alleging that he had "complied to some extent with No. 2, but has failed and refused to

comply with Nos. 1, 3, and 4." They asked that Vaughn be "punished by the Court by fine for each and every day that he has violated the order of December 5, 2008, and further that he be placed in jail for such contempt. . . ." They also asked that Vaughn be ordered to pay their reasonable attorney's fees.

On May 7, 2009, Respondent, who is Judge Golden's successor in office, conducted a hearing on the Drennons' contempt motion. On May 12, 2009, Respondent signed the contempt judgment challenged in this proceeding. The judgment states, in part, as follows:

> It is therefore ORDERED, ADJUDGED and DECREED that [Vaughn] is guilty of contempt of court, and his punishment is assessed at a fine of $500.00, and confinement in the County Jail of Sabine County, Texas for a period of 60 days. However, after serving 10 days of the 60 days, the remaining 50 days shall be probated for a period of two years, conditioned upon compliance of [sic] the Temporary Orders and Temporary Injunction dated December 5, 2008. . . .

The district clerk issued a commitment order on May 13, 2009, and Vaughn voluntarily surrendered himself to the Sabine County jail. The Drennons filed their $1,000 bond the next day. On May 15, Vaughn filed a petition for writ of habeas corpus in this court and a motion for temporary relief pending final determination in this proceeding. We granted the requested relief, and ordered Vaughn released from confinement after posting a $1,000 cash bond pending final determination in this proceeding.

## AVAILABILITY OF HABEAS CORPUS

A writ of habeas corpus is available to review a contempt order entered by a lower court confining a contemnor. *Ex parte Gordon*, 584 S.W.2d 686, 687-88 (Tex. 1979). An original habeas proceeding is a collateral attack on a contempt judgment. *Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex. 1967); *In re Ragland*, 973 S.W.2d 769, 771 (Tex. App.–Tyler 1998, orig. proceeding). Its purpose is not to determine the ultimate guilt or innocence of the relator, but only to ascertain whether the relator has been unlawfully confined. *Ex parte Gordon*, 584 S.W.2d at 688. When a contemnor is sentenced to jail and released on bond pending review by habeas corpus, there is

3

sufficient restraint of liberty to justify issuance of the writ of habeas corpus. *Ex parte Williams*, 690 S.W.2d 243, 244 (Tex. 1985).

A court will issue a writ of habeas corpus if the order underlying the contempt is void or if the contempt order itself is void. *See Ex parte Shaffer*, 649 S.W.2d 300, 301-02 (Tex. 1983); *Ex parte Gordon*, 584 S.W.2d at 688. A temporary injunction that does not meet the mandatory procedural requirements of Texas Rules of Civil Procedure 683 and 684 is void. *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000).

## THE TEMPORARY INJUNCTION

In the first of his six issues, Vaughn argues that the contempt judgment is void because the underlying temporary injunction is void.

Every order granting an injunction must "set forth the reasons for its issuance." TEX. R. CIV. P. 683. The trial court need not explain its reasons for believing the applicants have shown a probable right to final relief, but it must give the reasons why injury will be suffered if the interlocutory relief is not ordered. *State v. Cook United, Inc.*, 464 S.W.2d 105, 105 (Tex. 1971). An injunction must also include an order setting the cause for trial on the merits with respect to the ultimate relief sought. TEX. R. CIV. P. 683. Further, in the order granting any temporary injunction, the court must fix the amount of security to be given by the applicants. TEX. R. CIV. P. 684. Before the temporary injunction can issue, the applicants must execute and file with the clerk a bond to the adverse party, with two or more good and sufficient sureties, to be approved by the clerk, in the sum fixed by the court. *Id.* These procedural requirements are mandatory, and a temporary injunction that does not meet them is subject to being declared void and dissolved. *See Qwest*, 24 S.W.3d at 337 (failure to set case for trial on merits and set bond renders injunction void); *Goodwin v. Goodwin*, 456 S.W.2d 885, 886 (Tex. 1970) (bond is condition precedent to issuance of temporary injunction; failure of applicants to file bond renders injunction void ab initio); *Tamina Props., LLC v. Texoga Techs. Corp.*, No. 09-08-00542-CV, 2009 WL 1650308, at *3 (Tex. App.–Beaumont 2009, no pet.) (mem. op.) (temporary injunction not setting forth any reasons for its issuance is void).

4

Vaughn points out, and the record reveals, that the temporary injunction in this case does not state the reasons for its issuance, nor does it include an order setting a date for a trial on the merits. Moreover, it appears from the record that the Drennons did not file their bond until after the temporary injunction was issued and Vaughn was confined in the Sabine County jail. In response, the Drennons assert that "Vaughn's argument concerning the . . . date for hearing ignore[s] the fact that [this] matter[] [was] corrected by Judge Gatlin's order. . . ." However, the record does not include any order that corrects the omission of the trial date in the temporary injunction. The Drennons also contend that their failure to file the bond before the temporary injunction was issued was "corrected by . . . their [later] filing of the bond." A temporary injunction that is issued without the applicants' having posted a bond as required by rule 684 is void ab initio. *Goodwin*, 456 S.W.2d at 886. A void order has no force or effect and confers no rights; it is a mere nullity. *In re Garza*, 126 S.W.3d 268, 271-73 (Tex. App.–San Antonio 2003, orig. proceeding [mandamus denied]). Consequently, the Drennons' failure to post the required bond before the temporary injunction issued could not be cured by filing the bond after Vaughn had been confined in the Sabine County jail pursuant to the district clerk's commitment order. *See id.*; *see also* TEX. R. CIV. P. 684 ("Before the issuance of the temporary restraining order or temporary injunction the applicant shall execute and file with the clerk a bond . . . in the sum fixed by the judge . . . .").

## CONCLUSION

The temporary injunction in this case does not state the reasons for its issuance and does not include an order setting a date for a trial on the merits. And the Drennons did not post a bond until after Vaughn was confined in the Sabine County jail. Thus, the temporary injunction is void, and the Drennons' arguments to the contrary are without merit. Because the temporary injunction is void, the contempt judgment based on it is also void. Therefore, we conclude that Vaughn is entitled to habeas relief. Accordingly, we ***grant*** Vaughn's petition for writ of habeas corpus, order Vaughn released from the bond set by this court on May 15, 2009, and order him discharged from custody.[1]

---

[1] Vaughn raises five other issues in his habeas petition. Because of our disposition of his first issue,

5

**SAM GRIFFITH**
Justice

Opinion delivered October 14, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

we need not address his remaining issues.