NO



NO. 12-09-00143-CV


 IN THE COURT OF APPEALS


 TWELFTH COURT OF APPEALS DISTRICT


 TYLER, TEXAS




 ' 

IN RE: MILLARD VAUGHN,

RELATOR ' ORIGINAL PROCEEDING


 ' 






 MEMORANDUM OPINION

 In this original habeas proceeding, Relator Millard Vaughn seeks to set aside the
judgment of contempt signed May 12, 2009 by the Honorable Gary H. Gatlin, Judge of
the 1st Judicial District Court, Sabine County, Texas. The judgment ordered Vaughn
confined to the Sabine County jail for a period of sixty days, to be probated after ten days
if he complied with the temporary orders and temporary injunction originally signed on
December 5, 2008, but amended effective May 7, 2009. The judgment further ordered
that Vaughn pay a $500 fine and $3,000 in attorney's fees to Paul Drennon and Mary
Drennon, the real parties in interest. We grant habeas corpus relief.


Background

 The underlying case involves an ongoing dispute between Vaughn and the
Drennons, who are Vaughn's neighbors. On November 17, 2008, the Drennons filed an
application for a temporary restraining order, temporary injunction, and permanent
injunction to prohibit Vaughn from cutting down a tree that is within three feet of the
Drennons' fence and in the public road right of way. The Drennons also sought to
prohibit Vaughn from playing "loud and aggravating music" on his property. On the
same date, the Honorable Joe Bob Golden, then Judge of the 1st Judicial District Court,
signed a temporary restraining order (the "TRO") prohibiting Vaughn from the
following:


1. Cutting or having anyone else to cut the large oak tree situated on the public
road right of way immediately in front of the Drennons' home in Sabine County,
Texas, and from damaging such tree in any way or taking action to cause the tree
to die.


2. Playing or causing to be played loud music in the area of the Drennons' home in
Sabine County, Texas to the extent that such music can be heard by the
Drennons in their yard.


 The TRO included an order setting a hearing for November 26, 2008 to determine
whether, while the case is pending, the TRO should be made a temporary injunction and
then a permanent injunction, and to consider "[o]ther injunctions and orders protecting
the rights of the parties, which may be decided by the Court at such hearing." On
November 26, 2008, Vaughn filed a motion to dissolve the TRO and deny a temporary
injunction alleging, in part, that the TRO did not set forth the reasons for its issuance, that
the TRO did not fix the amount of security to be given by the Drennons, and that the
TRO issued without the Drennons giving security. On that same date, Judge Golden
conducted an evidentiary hearing.

 On December 5, 2008, Judge Golden signed an order entitled "Temporary Orders
and Temporary Injunction" (the "temporary injunction"), which provided, in part, as
follows:


It is therefore ORDERED, ADJUDGED and DECREED that Millard Vaughn is
immediately enjoined from:


1. Cutting or having anyone else to cut the large oak tree situated on the public
road right of way immediately in front of the Drennons' home in Sabine County,
Texas, and from damaging such tree in any way or taking action to cause the tree
to die.


2. Playing or causing to be played music or any other sound on [a] radio or other
device at any volume that can be heard at the Drennons' residence.


3. Operating a security camera or cameras in any way so as to photograph or film
any part of the Drennons' property.


 4. By having a light or lights that creates [sic] more light than one 60 watt bulb
located 50 feet from the Drennons' residence would create.


. . . .


It is further ORDERED that Paul Drennon and Mary Drennon file with the Court a Bond
in the amount of $1,000.00.


 On April 22, 2009, the Drennons filed a motion to hold Vaughn in contempt
alleging that he had "complied to some extent with No. 2, but has failed and refused to
comply with Nos. 1, 3, and 4." They asked that Vaughn be "punished by the Court by
fine for each and every day that he has violated the order of December 5, 2008, and
further that he be placed in jail for such contempt. . . ." They also asked that Vaughn be
ordered to pay their reasonable attorney's fees.

 On May 7, 2009, Respondent, who is Judge Golden's successor in office,
conducted a hearing on the Drennons' contempt motion. On May 12, 2009, Respondent
signed the contempt judgment challenged in this proceeding. The judgment states, in
part, as follows:


It is therefore ORDERED, ADJUDGED and DECREED that [Vaughn] is guilty of
contempt of court, and his punishment is assessed at a fine of $500.00, and confinement
in the County Jail of Sabine County, Texas for a period of 60 days. However, after
serving 10 days of the 60 days, the remaining 50 days shall be probated for a period of
two years, conditioned upon compliance of [sic] the Temporary Orders and Temporary
Injunction dated December 5, 2008. . . .

 

 The district clerk issued a commitment order on May 13, 2009, and Vaughn
voluntarily surrendered himself to the Sabine County jail. The Drennons filed their
$1,000 bond the next day. On May 15, Vaughn filed a petition for writ of habeas corpus
in this court and a motion for temporary relief pending final determination in this
proceeding. We granted the requested relief, and ordered Vaughn released from
confinement after posting a $1,000 cash bond pending final determination in this
proceeding.


Availability of Habeas Corpus


 A writ of habeas corpus is available to review a contempt order entered by a
lower court confining a contemnor. Ex parte Gordon, 584 S.W.2d 686, 687-88 (Tex.
1979). An original habeas proceeding is a collateral attack on a contempt judgment. Ex
parte Rohleder, 424 S.W.2d 891, 892 (Tex. 1967); In re Ragland, 973 S.W.2d 769, 771
(Tex. App.-Tyler 1998, orig. proceeding). Its purpose is not to determine the ultimate
guilt or innocence of the relator, but only to ascertain whether the relator has been
unlawfully confined. Ex parte Gordon, 584 S.W.2d at 688. When a contemnor is
sentenced to jail and released on bond pending review by habeas corpus, there is
sufficient restraint of liberty to justify issuance of the writ of habeas corpus. Ex parte
Williams, 690 S.W.2d 243, 244 (Tex. 1985). 

 A court will issue a writ of habeas corpus if the order underlying the contempt is
void or if the contempt order itself is void. See Ex parte Shaffer, 649 S.W.2d 300, 301-02 (Tex. 1983); Ex parte Gordon, 584 S.W.2d at 688. A temporary injunction that does
not meet the mandatory procedural requirements of Texas Rules of Civil Procedure 683
and 684 is void. Qwest Commc'ns Corp. v. AT&T Corp., 24 S.W.3d 334, 337 (Tex.
2000). 


The Temporary Injunction


 In the first of his six issues, Vaughn argues that the contempt judgment is void
because the underlying temporary injunction is void. 

 Every order granting an injunction must "set forth the reasons for its issuance." 
Tex. R. Civ. P. 683. The trial court need not explain its reasons for believing the
applicants have shown a probable right to final relief, but it must give the reasons why
injury will be suffered if the interlocutory relief is not ordered. State v. Cook United,
Inc., 464 S.W.2d 105, 105 (Tex. 1971). An injunction must also include an order setting
the cause for trial on the merits with respect to the ultimate relief sought. Tex. R. Civ. P.
683. Further, in the order granting any temporary injunction, the court must fix the
amount of security to be given by the applicants. Tex. R. Civ. P. 684. Before the
temporary injunction can issue, the applicants must execute and file with the clerk a bond
to the adverse party, with two or more good and sufficient sureties, to be approved by the
clerk, in the sum fixed by the court. Id. These procedural requirements are mandatory,
and a temporary injunction that does not meet them is subject to being declared void and
dissolved. See Qwest, 24 S.W.3d at 337 (failure to set case for trial on merits and set
bond renders injunction void); Goodwin v. Goodwin, 456 S.W.2d 885, 886 (Tex. 1970)
(bond is condition precedent to issuance of temporary injunction; failure of applicants to
file bond renders injunction void ab initio); Tamina Props., LLC v. Texoga Techs.
Corp., No. 09-08-00542-CV, 2009 WL 1650308, at *3 (Tex. App.-Beaumont 2009, no
pet.) (mem. op.) (temporary injunction not setting forth any reasons for its issuance is
void).

 Vaughn points out, and the record reveals, that the temporary injunction in this
case does not state the reasons for its issuance, nor does it include an order setting a date
for a trial on the merits. Moreover, it appears from the record that the Drennons did not
file their bond until after the temporary injunction was issued and Vaughn was confined
in the Sabine County jail. In response, the Drennons assert that "Vaughn's argument
concerning the . . . date for hearing ignore[s] the fact that [this] matter[] [was] corrected
by Judge Gatlin's order. . . ." However, the record does not include any order that
corrects the omission of the trial date in the temporary injunction. The Drennons also
contend that their failure to file the bond before the temporary injunction was issued was 
"corrected by . . . their [later] filing of the bond." A temporary injunction that is issued
without the applicants' having posted a bond as required by rule 684 is void ab initio. 
Goodwin, 456 S.W.2d at 886. A void order has no force or effect and confers no rights;
it is a mere nullity. In re Garza, 126 S.W.3d 268, 271-73 (Tex. App.-San Antonio 2003,
orig. proceeding [mandamus denied]). Consequently, the Drennons' failure to post the
required bond before the temporary injunction issued could not be cured by filing the
bond after Vaughn had been confined in the Sabine County jail pursuant to the district
clerk's commitment order. See id.; see also Tex. R. Civ. P. 684 ("Before the issuance of
the temporary restraining order or temporary injunction the applicant shall execute and
file with the clerk a bond . . . in the sum fixed by the judge . . . .").


Conclusion


The temporary injunction in this case does not state the reasons for its issuance
and does not include an order setting a date for a trial on the merits. And the Drennons
did not post a bond until after Vaughn was confined in the Sabine County jail. Thus, the
temporary injunction is void, and the Drennons' arguments to the contrary are without
merit. Because the temporary injunction is void, the contempt judgment based on it is
also void. Therefore, we conclude that Vaughn is entitled to habeas relief. Accordingly,
we grant Vaughn's petition for writ of habeas corpus, order Vaughn released from the
bond set by this court on May 15, 2009, and order him discharged from custody. (1) 



 SAM GRIFFITH 

 Justice



Opinion delivered October 14, 2009.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

















(PUBLISH)
1. Vaughn raises five other issues in his habeas petition. Because of our disposition of his first issue,
we need not address his remaining issues.