# NO. 12-09-00431-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DR. SHIRLEY PIGOTT,* *APPELLANT* | *§* | *APPEAL FROM THE 273RD* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *DR. KEITH MILLER,* *APPELLEE* | *§* | *SHELBY COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Dr. Shirley Pigott brings this interlocutory appeal from the trial court's grant of Dr. Keith Miller's application for a temporary injunction against her. Pigott raises six issues contending that the trial court erred in granting Miller's application. We reverse and remand.

### BACKGROUND

In the underlying lawsuit, Dr. Keith Miller sued Dr. Shirley Pigott and Dr. Steven Hotze for libel and slander. Both defendants are whistleblowers who publicly claim that Dr. Miller engaged in improper and unethical conduct while he was a member of the Texas Medical Board. Dr. Miller sought and obtained an ex parte temporary restraining order enjoining Dr. Pigott from attending any proceedings in the case, such as depositions and mediation, that are not conducted before the trial court. Dr. Miller then obtained the temporary injunction that is the subject of this proceeding.

The order granting the temporary injunction, signed on November 20, 2009, restrains Dr. Pigott from engaging in various conduct, including coming within one thousand yards of Dr. Miller, his family, or his employees. However, the prohibitions in the order do not apply to "Courtroom proceedings." The order further provides that any deposition or mediation that Dr. Pigott chooses to attend must be held in the Shelby County district courthouse, and the parties must arrange for, and

equally bear the cost of, providing security for any such deposition or mediation. The order does not require a bond nor does it state the reasons for its issuance.

On November 25, 2009, Dr. Pigott filed a motion requesting a hearing to determine the amount of the bond for the temporary injunction. On the same date, Dr. Pigott also filed a motion requesting the trial court to reconsider its issuance of the temporary injunction. In her motion, Dr. Pigott objected that (1) Dr. Miller failed to produce evidence establishing grounds for the temporary injunction, (2) the order does not require the posting of a bond, and (3) the order does not include findings of fact that justify the issuance of the injunction. In a subsequent telephone hearing on a related matter, Dr. Pigott's counsel called the motion and objections to the trial court's attention. However, the trial court did not rule on Dr. Pigott's motion or her objections.

Dr. Pigott filed a notice of appeal from the November 20, 2009 injunction order, as well as the order "rendered on 12/4/09, during a telephone hearing, on Defendant Hotze's Motion to Compel depositions. (The Order rendered on 12/4/09 ordered Defendant Pigott to abide by the temporary injunction entered on 11/20/09)." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (Vernon 2008) (authorizing appeal from interlocutory order granting a temporary injunction).[1] Dr. Pigott raises six issues on appeal. Dr. Miller did not file a brief.

## TEMPORARY INJUNCTION

In her first issue, Dr. Pigott complains that the temporary injunction is void because the trial court failed to require Dr. Miller to post a bond. In her third issue, Dr. Pigott complains that the temporary injunction is void because the order does not include findings of fact stating the reasons for issuance of the order.

Every order granting an injunction must "set forth the reasons for its issuance." TEX. R. CIV. P. 683. The trial court need not explain its reasons for believing the applicant has shown a probable right to final relief, but it must give the reasons why injury will be suffered if the interlocutory relief is not ordered. *State v. Cook United, Inc.*, 464 S.W.2d 105, 105 (Tex. 1971). Further, in the order

---

[1] Dr. Pigott also filed an original petition for writ of mandamus. This court denied Dr. Pigott's petition because she has the right to an interlocutory appeal, and thus, an adequate remedy for challenging the order granting the temporary injunction. *In re Pigott*, Cause No. 12-10-00009-CV, 2010 Tex. App. LEXIS 1838, at *3, 2010 WL 939495, at *1 (Tex. App.–Tyler Mar. 17, 2010, orig. proceeding).

2

granting any temporary injunction, the court must fix the amount of security to be given by the applicant. TEX. R. CIV. P. 684. Before the temporary injunction can issue, the applicant must execute and file with the clerk a bond to the adverse party, with two or more good and sufficient sureties, to be approved by the clerk, in the sum fixed by the court. *Id.* These procedural requirements are mandatory, and a temporary injunction that does not meet them is subject to being declared void and dissolved. *See Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (failure to set case for trial on merits and set bond renders injunction void); *Goodwin v. Goodwin*, 456 S.W.2d 885, 886 (Tex. 1970) (bond is condition precedent to issuance of temporary injunction; failure of applicant to file bond renders injunction void ab initio); *Tamina Props., LLC v. Texoga Techs. Corp.*, No. 09-08-00542-CV, 2009 Tex. App. LEXIS 4241, 2009 WL 1650308, at *3 (Tex. App.–Beaumont 2009, no pet.) (mem. op.) (temporary injunction not setting forth any reasons for its issuance is void).

Dr. Pigott points out, and the record reveals, that the temporary injunction order in this case does not require Dr. Miller to post a bond, nor does it state the reasons for the issuance of the temporary injunction. Thus, the temporary injunction is void. We sustain Dr. Pigott's first and third issues. Having sustained Dr. Pigott's first and third issues, we need not reach her remaining issues. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Having sustained Dr. Pigott's first and third issues, we *reverse* the judgment of the trial court, *dissolve* the temporary injunction, and *remand* the cause to the trial court for further proceedings consistent with this opinion.

BRIAN HOYLE
Justice

Opinion delivered January 19, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

3