Peters v









NO. 12-09-00431-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

DR. SHIRLEY PIGOTT,                               
§                    APPEAL FROM THE 273RD

APPELLANT                        

 

V.                                                                     
§                    JUDICIAL DISTRICT COURT

 

DR. KEITH MILLER,

APPELLEE                                                    
§                    SHELBY COUNTY, TEXAS







MEMORANDUM
OPINION

            Dr. Shirley Pigott brings this interlocutory appeal from the trial court’s
grant of Dr. Keith Miller’s application for a temporary injunction against
her.  Pigott raises six issues contending that the trial court erred in
granting Miller’s application.  We reverse and remand.

 

Background

In
the underlying lawsuit, Dr. Keith Miller sued Dr. Shirley Pigott and Dr. Steven
Hotze for libel and slander.  Both defendants are whistleblowers who publicly claim
that Dr. Miller engaged in improper and unethical conduct while he was a member
of the Texas Medical Board.  Dr. Miller sought and obtained an ex parte
temporary restraining order enjoining Dr. Pigott from attending any proceedings
in the case, such as depositions and mediation, that are not conducted before
the trial court.  Dr. Miller then obtained the temporary injunction that is the
subject of this proceeding.

The
order granting the temporary injunction, signed on November 20, 2009, restrains
Dr. Pigott from engaging in various conduct, including coming within one
thousand yards of Dr. Miller, his family, or his employees.  However, the
prohibitions in the order do not apply to "Courtroom proceedings."  The
order further provides that any deposition or mediation that Dr. Pigott chooses
to attend must be held in the Shelby County district courthouse, and the
parties must arrange for, and equally bear the cost of, providing security for
any such deposition or mediation.  The order does not require a bond nor does
it state the reasons for its issuance.

On
November 25, 2009, Dr. Pigott filed a motion requesting a hearing to determine
the amount of the bond for the temporary injunction.  On the same date, Dr.
Pigott also filed a motion requesting the trial court to reconsider its
issuance of the temporary injunction.  In her motion, Dr. Pigott objected that
(1) Dr. Miller failed to produce evidence establishing grounds for the
temporary injunction, (2) the order does not require the posting of a bond, and
(3) the order does not include findings of fact that justify the issuance of
the injunction.  In a subsequent telephone hearing on a related matter, Dr.
Pigott's counsel called the motion and objections to the trial court's
attention. However, the trial court did not rule on Dr. Pigott's motion or her
objections.

Dr.
Pigott filed a notice of appeal from the November 20, 2009 injunction order, as
well as the order "rendered on 12/4/09, during a telephone hearing, on
Defendant Hotze's Motion to Compel depositions. (The Order rendered on 12/4/09
ordered Defendant Pigott to abide by the temporary injunction entered on
11/20/09)."  See Tex. Civ.
Prac. & Rem. Code Ann. § 51.014(a)(4) (Vernon 2008) (authorizing
appeal from interlocutory order granting a temporary injunction).[1]  Dr.
Pigott raises six issues on appeal.  Dr. Miller did not file a brief.

 

Temporary Injunction

            In her
first issue, Dr. Pigott complains that the temporary injunction is void because
the trial court failed to require Dr. Miller to post a bond.  In her third
issue, Dr. Pigott complains that the temporary injunction is void because the order
does not include findings of fact stating the reasons for issuance of the
order.

            Every
order granting an injunction must “set forth the reasons for its issuance.”  Tex. R. Civ. P. 683.  The trial court
need not explain its reasons for believing the applicant has shown a probable
right to final relief, but it must give the reasons why injury will be suffered
if the interlocutory relief is not ordered.  State v. Cook United, Inc.,
464 S.W.2d 105, 105 (Tex. 1971).  Further, in the order granting any temporary
injunction, the court must fix the amount of security to be given by the
applicant.  Tex. R. Civ. P. 684. 
Before the temporary injunction can issue, the applicant must execute and file
with the clerk a bond to the adverse party, with two or more good and
sufficient sureties, to be approved by the clerk, in the sum fixed by the
court.  Id.  These procedural requirements are mandatory, and a
temporary injunction that does not meet them is subject to being declared void
and dissolved.  See Qwest Commc’ns Corp. v. AT&T Corp., 24
S.W.3d 334, 337 (Tex. 2000) (failure to set case for trial on merits and set
bond renders injunction void); Goodwin v. Goodwin, 456 S.W.2d
885, 886 (Tex. 1970) (bond is condition precedent to issuance of temporary
injunction; failure of applicant to file bond renders injunction void ab
initio); Tamina Props., LLC v. Texoga Techs. Corp., No. 
09-08-00542-CV, 2009 Tex. App. LEXIS 4241, 2009 WL 1650308, at *3 (Tex.
App.–Beaumont 2009, no pet.) (mem. op.) (temporary injunction not setting forth
any reasons for its issuance is void).

            Dr.
Pigott points out, and the record reveals, that the temporary injunction order
in this case does not require Dr. Miller to post a bond, nor does it state the
reasons for the issuance of the temporary injunction.  Thus, the temporary
injunction is void.  We sustain Dr. Pigott’s first and third issues.  Having
sustained Dr. Pigott’s first and third issues, we need not reach her remaining
issues.  See Tex. R. App. P.
47.1.

 

Disposition

Having
sustained Dr. Pigott’s first and third issues, we reverse the
judgment of the trial court,  dissolve the
temporary injunction, and remand the cause to the trial court for
further proceedings consistent with this opinion.

                                                                                    Brian Hoyle

                                                                                        
Justice

 

 

Opinion delivered January 19, 2011.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

(PUBLISH)









                        [1] Dr. Pigott also
filed an original petition for writ of mandamus.  This court denied Dr.
Pigott’s petition because she has the right to an interlocutory appeal, and
thus, an adequate remedy for challenging the order granting the temporary
injunction.  In re Pigott, Cause No. 12-10-00009-CV, 2010 Tex.
App. LEXIS 1838, at *3, 2010 WL 939495, at *1 (Tex. App.–Tyler Mar. 17, 2010,
orig. proceeding).